## PEOPLE *v.* CARLSON.

1. CRIMINAL LAW—CHILDREN UNDER 15—PROBATE COURT—WAIVER OF JURISDICTION.

   A child against whom a petition is filed in the probate court alleging he had taken the life of another and praying that that court take jurisdiction constitutes an accusation of an act the nature of which constitutes a felony, and where he is not then 15 years of age the probate court may not waive jurisdiction (CL 1948, §§ 712A.2, 712A.4).

2. STATUTES—AMENDMENT—CONSTRUCTION.

   New matter contained in an amendatory act which is inconsistent with language continued therein is deemed controlling so far as legislative intent is concerned.

3. CRIMINAL LAW—JUVENILES—PROBATE COURT JURISDICTION—WAIVER.

   Specific reference to provision of probate code as to test to be applied for waiver of probate court's jurisdiction as to juveniles, added by way of amendment to the code of criminal procedure, *held,* controlling over language setting forth a different test which was continued in the code of criminal procedure (CL 1948, §§ 712A.2, 712A.4; § 764.27, as amended by PA 1958, No 212).

Appeal from Genesee; Roth (Stephen J.), J. Submitted February 17, 1960. (Docket No. 79, Calendar No. 48,431.) Decided September 15, 1960.

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Juvenile Courts and Delinquent, Dependent, and Neglected Children § 30.
   Homicide by juvenile as within jurisdiction of a juvenile court. 48 ALR2d 663.
[2, 3] 50 Am Jur, Statutes § 552.

Gerald Carlson, a 14-year-old minor, was accused of crime and was subject of petition before probate court, which subsequently, when he had reached the age of 15, waived jurisdiction, whereupon he was charged with murder. Motion to quash proceedings denied. Defendant appeals. Reversed and remanded for return to probate court for proceedings there.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Jerome F. O'Rourke,* Prosecuting Attorney, for the people.

*Reese W. Stipes II* and *Thomas L. Gadola,* for defendant.

DETHMERS, C. J. The only question in this case is the meaning of certain statutory language—the legislative intent therein expressed. It is not for us to announce our preferences or views as to how the legislators should have disposed of the subject, only to determine how they did.

The statutory language to be interpreted, contained in the probate code, is as follows:

"Sec. 4. In any case *where a child over the age of 15 years is accused of any act the nature of which constitutes a felony,* the judge of probate of the county wherein the offense is alleged to have been committed may, after investigation and examination, including notice to parents if address is known, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense." CL 1948, § 712A.4 (Stat Ann 1959 Cum Supp § 27.3178[598.4]). (Emphasis supplied.)

This provision came into the law in 1944 (1st Ex Sess) by Act No 54, with some slight amendment by PA 1946 (1st Ex Sess), No 22. Prior thereto the

comparable provision of the statute, not applicable to this case, was PA 1939, No 288 (probate code), ch 12, § 26 (CLS 1940, § 16289-12[26] [Stat Ann 1943 Rev § 27.3178(596)]), which read in part:

"In any case *where a child over the age of 15 years is charged with a felony* which involves a maximum penalty of imprisonment for life or a term of more than 5 years, the judge of probate of the county wherein the offense is alleged to have been committed shall and, in case of all other felonies, may, after investigation and examination, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense." (Emphasis supplied.)

Its predecessor was PA 1907 (Ex Sess), No 6, § 6, as amended by PA 1915, No 308 (CL 1915, § 2016), and PA 1923, No 105 (CL 1929, § 12839 [Stat Ann § 25.296]), which, after the latter amendment, likewise made the waiver provision here in question applicable "in any case where a child over the age of 15 years *is charged with a felony*". The last above language was in effect in 1926 when *People* v. *Ross,* 235 Mich 433, hereinafter considered, was decided.

The facts in this case to which the statutory language of the 1944 act, as amended, is to be applied are as follows:

On April 14, 1959, when he was still 14 years of age, defendant took the life of another person. On April 15, 1959, a petition was filed in probate court alleging that fact and praying that that court take jurisdiction. Such filing was authorized by the probate judge. The latter, on April 16th, ordered the county agent to investigate the case, ordered 2 psychiatrists to examine defendant and report their findings to that court, and ordered defendant to be detained in a hospital for observation and study by psychiatrists until the further order of that court.

On April 22, 1959, defendant became 15 years of age. On April 24th the prosecuting attorney moved that the probate court waive jurisdiction over defendant so that he might lawfully be tried in circuit court on a charge of murder. On April 28, 1959, an order entered for such waiver. Thereafter, but on that same date, a complaint was signed and warrant issued in municipal court charging defendant with murder. On May 7th he was bound over to circuit court for trial. On May 18th he was arraigned in circuit court, stood mute, and a plea of not guilty was entered by the court. On June 18th a motion was made by defendant's counsel to transfer the case to probate court on the ground that the latter had been without authority to waive jurisdiction. That motion was dismissed without prejudice on June 26th. On June 29th the circuit court denied leave to appeal from the probate court's order of wavier. Defendant then moved to quash proceedings in circuit court on the ground that the probate court had possessed no authority to waive and hence the circuit court was without jurisdiction to proceed to trial. On July 13th the circuit court denied that motion. On leave granted, defendant appeals, seeking reversal of that order, so that he may be provided for, as by law required, in the probate court.

The essence of defendant's claim that the probate court was without authority to waive jurisdiction is that defendant was under 15 years of age, not only at the time of commission of the offense but also at the time when the petition against him was authorized by the probate court and filed therein.

The people's contention is that the authority of the probate court to waive jurisdiction in this case is settled by decisions in *People* v. *Ross, supra,* and *People* v. *Tillard,* 318 Mich 619. *Tillard* did not pass on the controlling language of section 4, here in question, but rather, held that the language of

section 2, conferring exclusive jurisdiction upon the probate court in proceedings concerning any child under 17 years of age who has violated any law of this State, and the language of section 3, providing for the transfer from any other court to the probate court of any criminal case in which the accused is ascertained to be under 17 years of age, had reference, not to age at the time the offense was committed, but to age at the time the minor was charged with a felony in a court of criminal jurisdiction. In that case defendant was 16 when the offense was committed but 17 when the charge in question was made against him in a court of criminal jurisdiction, and, hence, it was held that the criminal court had jurisdiction to proceed against him without waiver from the probate court.

In *Ross* the offense was committed and proceedings against defendant were instituted in probate court while he was 14 years of age. Some weeks later, after he had achieved age 15, the probate court waived jurisdiction. Thereafter he was tried in circuit court and convicted. This Court held the waiver valid, predicating that 1926 decision on the language of the statute then in effect, which provided for such waiver "where a child over the age of 15 years is *charged with a felony.*" (Emphasis supplied.) In the opinion it was stated that the quoted statutory language as to "age of 15 years" had reference to age at the time of the charge in a court of criminal jurisdiction and not to age at the time of committing the felony. In determining, for that purpose, the time of the charge, this Court held that, because a probate court had no criminal jurisdiction, it followed that defendant was not, in the language of the statute, "charged with a felony" when being proceeded against in probate court, but only when action was instituted against him in the criminal courts, at which time he had reached age 15 and the probate

court had waived jurisdiction. For such reasons the waiver was upheld.

Since then, as above noted, the section of the probate code covering this subject has been changed. No longer does it provide that a waiver is permitted "where a child over the age of 15 years is charged with a felony". Now the statute, applicable to this case, has substituted for the quoted language the following: "Where a child over the age of 15 years is accused of any act the nature of which constitutes a felony." It will be observed that the change fixes as the prerequisite to authority for such waiver the child's attainment of age 15 not only before being charged with a felony in a criminal court but even before being accused of an act in the nature of a felony. He is so accused when, as here, the petition is authorized and filed in a probate court. This change in the law would seem to be the legislative answer to this Court's announcement of legislative intent in *Ross*. If any purpose or meaning whatever is to be conceded to the legislative change in the statutory language, and we should not fail to do so where reasonably possible (see *Strong* v. *Daniels,* 3 Mich 466), then the conclusion is inescapable that the legislature meant that thereafter the time at which the defendant's achievement of age 15 should be determinative of the authority of the probate court to waive jurisdiction was to be the time when the first proceedings are initiated against him, regardless of whether they consist of a formal charge of a felony made against him in a court of criminal jurisdiction or the authorization and filing, as here, of a petition in probate court accusing him of any act the nature of which constitutes a felony. As applied to the facts at bar, such conclusion requires our holding that the probate court was not authorized to make the waiver when and as it did because the petition in probate court, accusing defendant of an act the nature of

which constitutes a felony, had been authorized and filed before he was 15 years of age. The waiver thus having been unauthorized under said section 4, the provisions of section 2 of the same chapter 12A of the probate code, CLS 1956, § 712A.2 (Stat Ann 1959 Cum Supp § 27.3178[598.2]), conferring exclusive jurisdiction on the probate court, obtain.

In so holding we are not unaware that section 27 of chapter 4 of the code of criminal procedure (CL 1948, § 764.27 [Stat Ann 1954 Rev § 28.886]), last amended as late as in 1958 by PA 1958, No 212, still provides, even after that amendment, for such waiver "in any case where a child over the age of 15 years *is charged with a felony"*, in contrast with the above noted wording of the probate code, ch 12A, § 4, "in any case where a child over the age of 15 years *is accused of any act the nature of which constitutes a felony"*. A study of the history of these strangely parallel legislative enactments, as set forth in the probate code and code of criminal procedure, respectively, leaves us unpersuaded that the legislature meant otherwise than, as we have observed above, to change the rule announced in the *Ross Case.* We have noted above that PA 1907 (Ex Sess), No 6, § 6, which provided for taking or transferring criminal cases against children under the age of 17 years to probate court, became the vehicle, by its 1923 amendment, PA 1923, No 105, for the original waiver provision here under consideration. It contained, as already observed, the "charged with a felony" language. When the code of criminal procedure was enacted in 1927, PA 1927, No 175, it did not repeal but, by its section 27 of chapter 4, lifted, almost bodily, the language of said section 6 of the 1907 act as amended by the 1923 act, adding only a direct reference thereto by inserting the language "as provided by act number 6 of the public acts of 1907, extra session, as amended." The last amendment thereof,

PA 1958, No 212, changed the mentioned reference to the 1907 act, repealed by the probate code in 1939, to a direct reference to chapter 12A of the probate code which contains the section 4 waiver provision now in effect as above considered. Prior to that time the last legislative expression on the subject, therefore, to be deemed controlling, had been the above considered 1944 and 1946 amendments to the probate code. The 1958 amendment of the code of criminal procedure, however, left section 27 of chapter 4 of that code presenting, as new matter in that section, the said direct reference to the language of the probate code providing for the new test for waiver "in any case where a child over the age of 15 years is accused of any act the nature of which constitutes a felony", while still containing, as old matter carried over from that section's first enactment in 1927, the provision for the old test for waiver "where a child over the age of 15 is charged with a felony." The 2 tests being inconsistent, we attribute the language of the carry-over to a legislative oversight and deem the reference to the probate code, with its newer test for waiver, as expressive of the real legislative intent and, therefore, controlling.

Reversed and remanded for return to probate court for further proceedings on the petition therein filed or such other proceedings as may, by law, be required there.

Carr, Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.