WASHTENAW COUNTY v SALINE RIVER INTERCOUNTY
DRAINAGE BOARD

CITY OF SALINE v SALINE RIVER INTERCOUNTY DRAINAGE
BOARD

1. STATUTES—STATUTORY CONSTRUCTION—LEGISLATIVE INTENT.

A legislative enactment should be read as a whole so as to
harmonize the meaning of its separate provisions and give
effect to the Legislature's intent.

2. DRAINS—STATUTES—INTERCOUNTY DRAINS—PETITIONS.

A petition for the creation of an intercounty drain may be
brought under either of two statutory provisions: the first
contemplates the design, construction, and operation of an
intercounty drain; the second contemplates the control and
regulation of the use of a natural watercourse for purposes of
flood and pollution prevention; under the latter section com-
plete control over the watercourse is vested in a statutorily
created drainage board, and a petition filed under this section
must be accompanied by a bond for the cost of planning and
engineering, which costs are not assessable against any public
corporations benefited by improvements to the watercourse
(MCLA 280.513, 280.541, 280.542, 280.545; MSA 11.1513,
11.1541, 11.1542, 11.1545).

3. DRAINS—INTERCOUNTY DRAINS—STATUTES—PETITIONS—CONTROL
OVER WATERCOURSE—DRAINAGE BOARD.

A petition seeking the establishment and construction of an
intercounty drain utilizing a natural watercourse is properly
brought under a section of the Drain Code which does not
require that a petition be accompanied by a bond for the cost of
planning and engineering where there is no language in the
petition indicating that jurisdiction over the watercourse is to
be assumed by the drainage board (MCLA 280.513; MSA
11.1513).

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 150, 151, 168, 169.
[2, 3] 25 Am Jur 2d, Drains and Drainage Districts §§ 17, 33, 40, 53.

Appeal from Washtenaw, Charles W. Simon, Jr., J. Submitted November 2, 1977, at Lansing. (Docket Nos. 77-38, 77-39, 77-79, 77-80.) Decided January 5, 1978. Leave to appeal applied for.

Complaint by Washtenaw County, Pittsfield Township, York Township, and Catherine McClary and Meri Lou Murray, members of the Augmented Drainage Board for the Saline River Intercounty Drainage Project, against the Saline River Intercounty Drainage Board and its statutory chairman Stanley R. Quackenbush, to enjoin the defendants from proceeding with development of the contemplated drain project. Complaint by the City of Saline against the Saline River Intercounty Drainage Board and the Augmented Drainage Board to enjoin further proceedings by the boards. The two complaints were consolidated by the trial court. Defendants' motion for summary judgment was denied and an injunction was granted to plaintiffs. Defendants Saline River Intercounty Drainage Board and Augmented Drainage Board of the Saline River Drain and Stanley R. Quackenbush appeal. Reversed and remanded.

*Eliot G. Striar,* for plaintiffs Washtenaw County, Catherine McClary and Meri Lou Murray.

*John L. Etter,* for plaintiffs Pittsfield Township and York Township.

*Allan W. Grossman,* for plaintiff City of Saline.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Henry J. Boynton,* Assistants Attorney General, for defendant Stanley R. Quackenbush.

*Drillock, Atkins, Schrope & Marcus,* for defendants Saline River Intercounty Drainage Board and Augmented Drainage Board of the Saline River Drain.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

BASHARA, J. This is an appeal by defendants from an order of the trial court granting, *sua sponte,* a summary judgment for plaintiffs, enjoining defendants from establishing the Saline River as an intercounty drain. Although the judgment of the trial court rests upon a procedural peculiarity, we need not address that aspect of the case. The gravamen of the controversy is the interpretation of pertinent sections of the Drain Code of 1956. MCLA 280.1, *et seq.;* MSA 11.1001, *et seq.*

A petition to the Director of the Department of Agriculture of the State of Michigan was submitted by the Townships of Milan, London, and Dundee to locate, establish, and construct the Saline River as an intercounty drain. Pursuant to statute, the defendant drainage boards were created. MCLA 280.514, 280.515; MSA 11.1514, 11.1515. Following the statutory scheme, meetings were held by the defendants, resulting in a final order of determination.[1] MCLA 280.519; MSA 11.1519.

Subsequently, plaintiffs initiated suit to enjoin the defendants from proceeding further under the petition to develop the contemplated drain project.

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] A final order of determination signifies that the drainage board has ascertained that the drain project is feasible and the petition therefor is sufficient, and that a tentative determination has been made by the board as to those public corporations subject to assessment for the cost of the drain project. See MCLA 280.519; MSA 11.1519.

As the principal basis for relief, plaintiffs asserted that the petition, being filed pursuant to § 541 of the code, did not contain an agreement to pay, nor was it accompanied by a deposit for, the cost of planning and engineering, as required by § 542 of the code. See MCLA 280.542; MSA 11.1542. This, the plaintiffs argued, made the petition fatally defective and precluded further proceedings by the defendants under the petition.

Defendants maintained that the petition was filed pursuant to § 513, and therefore no accompanying agreement or deposit for costs was necessary. See MCLA 280.513; MSA 11.1513. It was the position of defendants that the petition was intended to establish the Saline River as an intercounty drain, not to assume jurisdiction over the river, as was the intent of petitions filed under § 541. See MCLA 280.541; MSA 11.1541. Notably, the opposing litigants each referred to the specific language of the petition to support their respective positions;[2] *i.e.,* plaintiffs contend that the petition is filed under § 541 while defendants maintain that the filing is pursuant to § 513.

Upon motion for summary judgment by defendants, the trial court ruled that the petition came within the provisions of § 541 and was, therefore, improperly filed, since the petitioners failed to comply with § 542, regarding a bond for prelimi-

---

[2] The pertinent language in the petition reads as follows:

"The undersigned, Public Corporations of the State of Michigan, hereby petition that the bed, tributaries, banks and flood plains of the Saline River be located, established and constructed as an intercounty drain. Said River which carries drainage waters originating in the counties of Monroe and Washtenaw needs to be straightened out as required to prevent undercutting bridge approaches; brush, trees, and debris to be removed from the drain, in order to reduce the danger of flooding, pollution, desecration and obstruction of such river. This petition is filed pursuant to the provisions of Chapter 21 of Act 40 of the Public Acts of 1956, as amended, with said project being necessary for the public health."

nary costs. The trial court denied the defendants' motion and granted injunctive relief to plaintiffs.

It is plaintiffs' contention that whenever a petition is filed seeking to locate, establish, and construct an intercounty drain utilizing the bed, tributaries, banks, and floodplains of a natural watercourse, § 541 of the code sets the petition requirements. Plaintiffs argue that the terms "banks and floodplains" used in the petition are not within the definition of "drain" recited in MCLA 280.3; MSA 11.1003. This in conjunction with the petition's description of the improvements to be made to the river indicates that the petition was filed under § 541. It is urged by plaintiffs that the failure to expressly request in the petition an assumption of jurisdiction over the river does not militate against concluding that § 541 governs, since the practical effect of the petition is tantamount to an assumption of jurisdiction.

Defendants claim that the legislative intent underlying § 541 is to provide for complete control over a natural watercourse to prevent flooding and pollution. The purpose of the petition, defendants argue, was to construct improvements to the river to facilitate its use as an intercounty drain. Complete control over the use of the river not being requested by the petition, defendants urge that it was properly filed under § 513.

We must resolve whether a petition to establish and make improvements to a natural watercourse as an intercounty drain must be filed under § 541 of the Drain Code of 1956, notwithstanding that the petition does not assert assumption of jurisdiction over the watercourse. That determination affects both the requirement of a bond for preliminary costs and the apportionability of those costs

among the public corporations benefitted by the improvements.

We are guided in our decision by the principles of statutory construction, since our research has disclosed no case law pertinent to the controversy under review. Most appropriate to our task is the rule that legislative enactments be read as a whole so as to harmonize the meaning of their separate provisions and give effect to the Legislature's intent. *Munro v Elk Rapids Schools (On Rehearing),* 385 Mich 618; 189 NW2d 224 (1971), adopting the dissenting opinion in *Munro v Elk Rapids Schools,* 383 Mich 661, 688; 178 NW2d 450, 462 (1970). Applying this rule to chapter 21 of the Drain Code of 1956 leads us to conclude that the petition in question was properly filed pursuant to § 513. MCLA 280.513; MSA 11.1513.

In analyzing the distinction between § 513 petitions and those filed under § 541, it is important to observe the purpose contemplated by the language of those sections. Both § 513 and § 541 require public health necessities as a precondition to a properly filed petition.[3] However, § 513 speaks in terms of petitioning for the location, establishment, and construction of an intercounty drain. See MCLA 280.513; MSA 11.1513. It also requires that the location and route of the drain be described only with such particularity that a reasonably certain determination may be made as to the areas to be served by the drain. *Id.*

Section 541, on the other hand, contemplates

---

[3] Section 513 states in pertinent part:

"Whenever it shall be necessary for the public health to locate, establish and construct an intercounty drain * * *." MCLA 280.513; MSA 11.1513.

Similarly, § 541 reads in part:

"A petition meeting the requirements of this chapter as to petitioners, execution and filing may request, for reasons of public health, that jurisdiction be assumed * * *." MCLA 280.541; MSA 11.1541.

that a petition filed thereunder be for the purpose of assuming complete control over a natural watercourse. The statute, which is phrased in terms of an assumption of jurisdiction, intends that the control exercised over the watercourse have as its purpose the prevention or correction of conditions that "cause or increase the danger of flooding, pollution, desecration or obstruction" of such watercourse. MCLA 280.541; MSA 11.1541.

A companion provision[4] to § 541 requires that the petition be accompanied by a bond for the cost of planning and engineering necessary to formulate a recordable description of the watercourse over which control is sought. MCLA 280.542; MSA 11.1542. Further, those costs are not assessable against any of the public corporations benefited by improvements to the watercourse, although the cost of the improvements may be so assessed. MCLA 280.545; MSA 11.1545. In contradistinction, all engineering and planning costs are accessible for drain projects initiated by a § 513 petition,[5] and such petitions need not be accompanied by a bond for those costs.

Another important measure of distinction between § 513 and § 541 petitions is the degree of control exercised by the drainage boards created by those respective petitions. Under § 513 petitions the drainage board has a continuing responsibility for the maintenance and operation of the drain. MCLA 280.530; MSA 11.1530. However, contrary to plaintiffs' contention, we do not construe this to vest the board with control equivalent to that obtained by an assumption of jurisdiction pursuant to a § 541 petition. We derive this conclusion from

---

[4] We use the term "companion provision" because sections 541–545 were added to the Drain Code of 1956 by 1965 PA 194, § 1.

[5] MCLA 280.533(3); MSA 11.1533(3).

the authorization given by § 539 to public corporations assessed for drain project costs to exact connection and service fees from property owners utilizing the drain. MCLA 280.539; MSA 11.1539. It does not appear that the drainage board has control over the drain to the exclusion of all other public entities affected by the § 513 drain project.

By comparison, the authority obtained by the drainage board under a § 541 petition is absolute. Once the description of the watercourse required by § 542 is recorded, "no constructing, excavating, land filling, removing of structures, trees, plants or shrubs, dumping, or discharging of sewers or drains shall be permitted or continued in the bed, tributaries, banks or flood plains" of the watercourse "except upon written order or permit issued by the drainage board". MCLA 280.543; MSA 11.1543. As declared in § 544, the recording "constitutes a regulation and limitation" on the use of the watercourse "to remove or lessen the danger of flooding, pollution, desecration or obstruction * * * ". MCLA 280.544; MSA 11.1544. The description delimits the geographic extent of that regulation.

From the foregoing considerations we discern a distinguishable legislative intent underlying §§ 513 and 541. The former contemplates the design, construction, and operation of an intercounty drain, which may include the conversion of a natural watercourse for that purpose. See MCLA 280.3; MSA 11.1003. The latter contemplates the control and regulation of the use of a natural watercourse for purposes of flood and pollution prevention. Whether improvements are made to the watercourse for that purpose is immaterial. The gravamen of § 541 is regulation and control by a statutorily created drainage board.

Reviewing the petition in the instant case, we conclude that it sought to establish and construct an intercounty drain and nothing more. We find, contrary to plaintiff's argument, that regulation and control of the Saline River is not within the petition's contemplation. The absence of language in the petition that jurisdiction is to be assumed over the river course is a material and pursuasive factor in our resolution of this controversy.

That the petition contains language also appearing in § 541 as to the banks and floodplains of the river is not indicative that the intent of the petition is congruent with the intent of that section. Rather, it is more reasonable to assume that the banks and floodplains may be affected by the drain construction and were specified in the petition for clarity as to the project's scope.

Accordingly, we hold that the trial court erred in determining that since the petition sought to establish a drain utilizing the Saline River, it could not be sustained under § 513. Therefore, we reverse the judgment of the trial court granting injunctive relief to plaintiffs and remand for further proceedings consistent with this opinion.

Reversed and remanded. No costs, a public question being involved.