IN THE MATTER OF KAREN MARABLE

Docket No. 78-731. Submitted March 19, 1979, at Detroit.—Decided
    May 1, 1979. Leave to appeal applied for.

The Detroit Board of Education filed a petition in the Juvenile
    Division of the Wayne County Probate Court requesting that
    Karen Marable be determined to be a juvenile delinquent
    because of truancy from school. Marable moved for dismissal of
    the petition, which was denied by the probate court. Marable
    appealed to the Wayne Circuit Court, and Joseph A. Moynihan,
    Jr., J., reversed the denial and dismissed the proceedings. The
    board of education appeals by leave granted, alleging that the
    circuit court erred when it determined that no statute specifi-
    cally requires a child to attend school and also erred in deter-
    mining that the Juvenile Division of Probate Court had no
    jurisdiction over the offense of school truancy. *Held:*

    1. The compulsory education statute, which requires parents
    to send their children to school, is construed to require also
    that the children attend. To construe the statute without such
    a requirement would be unreasonable.

    2. The Juvenile Division of Probate Court has the jurisdiction
    to enforce the compulsory education statute.

    Reversed and remanded.

1. STATUTES — CONSTRUCTION.

    Statutes must be construed so as to avoid absurd or unreasonable
    consequences.

2. SCHOOLS AND SCHOOL DISTRICTS — STATUTES — COMPULSORY EDUCA-
    TION.

    The purpose of the compulsory education statute is to require
    that a child attend school and, unless one of the statutory
    exceptions applies, a child is legally required to attend school
    until the age of 16 (MCL 340.731; MSA 15.3731, now MCL
    380.1561; MSA 15.41561).

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 265, 306.
[2, 3] 68 Am Jur 2d, Schools § 227.
[3] 20 Am Jur 2d, Courts § 104.

3. SCHOOLS AND SCHOOL DISTRICTS — STATUTES — COMPULSORY EDUCA-
   TION — ENFORCEMENT — PROBATE COURTS — JURISDICTION.

   The compulsory education statute may be applied to children
   through the jurisdictional statutes of the juvenile division of
   probate court because, although penalties on parents whose
   duty it is to send their children to school are imposed by the
   school code, the enforcement provisions for children are found
   in the probate code (MCL 712A.18; MSA 27.3178[598.18]).

*Lynne M. Metty,* for the Detroit Board of Education.

*Thomas M. Harp,* Juvenile Defender Office, for Karen Marable.

Before: D. C. RILEY, P.J., and M. J. KELLY and BEASLEY, JJ.

BEASLEY, J. Plaintiff-appellant, Board of Education of the School District of the City of Detroit, filed a petition in the Juvenile Division of the Wayne County Probate Court, asserting that defendant-appellee, Karen Marable, a 14-year-old public school student, had been truant from school and, therefore, should be determined to be a juvenile delinquent under MCL 712A.2(a)(4); MSA 27.3178(598.2)(a)(4).

Defendant's motion to dismiss was denied by a juvenile court referee, which denial was upheld by a probate judge. On appeal to the circuit court, the order of denial was reversed and the proceedings dismissed. Plaintiff appeals to this Court by leave granted.

The sole issue is whether Karen Marable's attendance in school is required by law.

The juvenile court's jurisdiction arises from MCL 712A.2(a)(4); MSA 27.3178(598.2)(a)(4):

"Sec. 2. Except as provided herein, the juvenile division of the probate court shall have:

"(a) Exclusive original jurisdiction superior to and regardless of the jurisdiction of any other court in proceedings concerning any child under 17 years of age found within the county

\* \* \*

"(4) Who, being required by law to attend school, wilfully and repeatedly absents himself therefrom, or repeatedly violates rules and regulations thereof;"

The trial court interpreted this statute as only conferring jurisdiction over children who are "being required by law to attend school". The court then went on to determine that no statute specifically requires a child to attend schools and that the statutes only relate to penalties imposed upon a parent who does not send school-age children to school.

The compulsory education statute in effect at the time of this action was MCL 340.731; MSA 15.3731, which states:

"(a) Except as provided in section 732 and subject to the provisions of subsection (b), every parent, guardian or other person in this state, having control and charge of any child between the ages of 6 and 16 years, shall send such child, equipped with the proper textbooks necessary to pursue his school work, to the public schools during the entire school year, and such attendance shall be continuous and consecutive for the school year fixed by the district in which such child is enrolled. In school districts which maintain school during the entire year and in which the school year is divided into quarters, no child shall be compelled to attend the public schools more than 3 quarters in any one year; but a child shall not be absent for any 2 consecutive quarters.

"(b) A child becoming 6 years of age before December 1 shall be enrolled on the first school day of the school

year in which his sixth birthday occurs. A child becoming 6 years of age on or after December 1 shall be enrolled on the first school day of the school year following the school year in which his sixth birthday occurs."

The first sentence of this section applies specifically to parents and guardians. The second sentence is a more general reference to when a child should be compelled to be present. It would be unreasonable to hold that the Legislature intended to require parents to send their children to school without a requirement that the children must attend. The purpose of the statute is obviously to require attendance of the child at school and not merely to insure that a parent sends the child off in that direction.[1] A statute must be construed so as to avoid absurd or unreasonable consequences.[2]

We further find that defendant's claim that the compulsory education statute cannot be applied to children through the jurisdictional statutes for juvenile court because such a statutory construction would be unconstitutionally broad and vague to be without merit. Although MCL 340.740; MSA 15.3740 and MCL 340.743; MSA 15.3743[3] impose direct penalties on parents whose duty it is to send their children to public schools, the specification of the pertinent enforcement provision for children is found in the probate code.[4] A child need not guess as to the circumstances which require attendance or the type of behavior to be avoided.

In *Flint Board of Education v Williams,* [5] the

---

[1] *Governor v State Treasurer,* 389 Mich 1, 27; 203 NW2d 457 (1972).

[2] *King v Director of Midland County Dep't of Social Services,* 73 Mich App 253, 258-259; 251 NW2d 270 (1977).

[3] Now in effect as MCL 380.1599; MSA 15.41599 and MCL 380.1588; MSA 15.41588.

[4] MCL 712A.18; MSA 27.3178(598.18).

[5] 88 Mich App 8; 276 NW2d 499 (1979).

Court dealt with the issue at bar in considering the presently in effect MCL 380.1561; MSA 15.41561.[6] The *Williams* Court found that the only reasonable interpretation of MCL 380.1561; MSA 15.41561 is that unless one of the enumerated exceptions applies,[7] a child is legally required to attend school until the age of 16.

The exceptions are not relevant here. Therefore, we reverse the circuit court's order dismissing the proceedings and remand to the juvenile division of the probate court for appropriate proceedings in accordance with this opinion.

Reversed and remanded.

---

[6] Both the old and new compulsory education statutes are substantially the same.

[7] MCL 380.1561(3)(a)-(e); MSA 15.41561(3)(a)-(e).