PEOPLE v SCHNEIDER

Docket No. 53444. Submitted February 2, 1982, at Grand Rapids.—
Decided August 18, 1982.

A home on Diamond Lake Island, Cassopolis, Michigan, was
extensively damaged on February 25, 1977. Subsequently, a
juvenile petition was issued against defendant, Scott Allen
Schneider, on November 27, 1979, defendant's 19th birthday,
for allegedly breaking and entering the home on Diamond Lake
Island. Defendant was 16 years, 3 months old at the time the
alleged crime took place. On December 5, 1979, the probate
court dismissed the petition for lack of jurisdiction apparently
basing its action on MCL 712A.5 which provides that the
juvenile division of the probate court shall not have jurisdiction
over a child after he or she attains the age of 18 years. The
following day the prosecutor requested a warrant in district
court charging defendant with malicious destruction of prop-
erty over $100. The district court refused to sign the warrant
on the ground that no jurisdiction attached pursuant to MCL
712A.3 which provides that if during the pendency of a crimi-
nal charge against a person in any other court it is ascertained
that the person was under the age of 17 at the time of the
commission of the offense the court shall transfer the case to
the juvenile division of the probate court. The prosecutor then
filed a complaint for superintending control in the Cass Circuit
Court. Following a hearing, the circuit court, James E. Hoff, J.,
issued a writ of superintending control directing the district
court to issue a warrant for defendant's arrest and then trans-
fer the case to the probate court pursuant to MCL 712A.3.
Pursuant to the circuit court's order, defendant was arraigned

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2, 3] 73 Am Jur 2d, Statutes §§ 149, 153.
[3] 73 Am Jur 2d, Statutes § 155 et seq.
[4] 73 Am Jur 2d, Statutes §§ 265, 306.
[5] 73 Am Jur 2d, Statutes § 178.
[6-8] 20 Am Jur 2d, Courts § 104.
    47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 16 et seq.

on March 19, 1980, and the case was then transferred to probate court. On April 25, 1980, defendant tendered a plea in confession in probate court. The probate judge refused to accept the plea and dismissed the case for lack of jurisdiction. The prosecutor filed a claim of appeal in the Cass Circuit Court, which affirmed the probate court's order of dismissal, James E. Hoff, J. The people appeal, by leave granted, from the order of the circuit court affirming the probate court's order of dismissal. *Held:*

1. MCL 712A.5 is a general statute while MCL 712A.3 is a specific statute.

2. Where a case is transferred to the probate court pursuant to MCL 712A.3, the probate court shall have jurisdiction without regard to the defendant's age at the time of transfer. However, such jurisdiction shall be for the limited purpose of holding a waiver hearing pursuant to MCL 712A.4. Pursuant to the procedures set forth in MCL 712A.4, the probate court may waive jurisdiction to the court having general criminal jurisdiction over the charged offense. If the probate court declines to waive jurisdiction, the case shall be dismissed.

Remanded for proceedings consistent with this opinion.

R. B. BURNS, J., concurred in the result but would hold that since the Legislature has stated that the age of the juvenile is determined at the time the offense was committed, and since the defendant was 16 years, 3 months of age when he committed the offense, the probate court had jurisdiction. He would also hold that when it was determined at the waiver hearing that the defendant had committed an act the nature of which was a felony and that the defendant was presently 19 years of age the probate judge should have waived jurisdiction to the adult courts. He would remand for proceedings consistent with his opinion.

OPINION OF THE COURT

1. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory construction is to determine and effectuate the intent of the Legislature.

2. STATUTES — JUDICIAL CONSTRUCTION.

A court must ascribe the most probable and reasonable intention to the Legislature when alternative interpretations of a statute are possible.

3. STATUTES — JUDICIAL CONSTRUCTION.

Statutes must be read as a whole so as to harmonize the meaning

of their separate provisions and, if possible, to avoid the construction of one provision in such a manner as to negate another.

4. STATUTES — JUDICIAL CONSTRUCTION.

Statutes must be construed to avoid absurd or unreasonable results.

5. STATUTES — JUDICIAL CONSTRUCTION.

A basic rule of statutory construction is that a statute specific in language and enacted contemporaneously or subsequent to a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be a conflict between them.

6. INFANTS — PROBATE COURTS — JUVENILE DIVISION — JURISDICTION — WAIVER.

A probate court shall have jurisdiction without regard to the defendant's age at the time of transfer where a case is transferred to the probate court pursuant to the statute regarding the transfer of a case to the juvenile division when it is determined that the defendant was under the age of 17 at the time of the commission of the offense; such jurisdiction shall be for the limited purpose of holding a waiver hearing pursuant to the statute regarding the waiver of jurisdiction where a child over 15 years of age is accused of a felony after which hearing the probate court shall either waive jurisdiction to the court having general criminal jurisdiction over the charged offense or dismiss the case (MCL 712A.3, 712A.4; MSA 27.3178[598.3], 27.3178[598.4]).

CONCURRENCE BY R. B. BURNS, J.

7. INFANTS — PROBATE COURTS — JURISDICTION.

*The jurisdiction of a probate court is determined by the age of the accused juvenile at the time the charged offense was committed.*

8. INFANTS — PROBATE COURTS — JURISDICTION — WAIVER.

*A probate judge should waive jurisdiction to the adult court having general criminal jurisdiction over the charged offense when it is determined at a waiver hearing, pursuant to the statute regarding the waiver of jurisdiction where a child over 15 years of age is accused of a felony, that the defendant has committed an act the nature of which is a felony and that the defendant is presently 18 years of age or older (MCL 712A.4; MSA 27.3178[598.4]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William T. Grimmer,* Prosecuting Attorney, and *Thomas K. Byerley,* Chief Assistant Prosecuting Attorney, for the people.

*O'Connor & Tushla* (by *Dennis M. Tushla),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. The people appeal, by leave granted, from an order of the Cass County Circuit Court affirming an order of the Cass County Probate Court, Juvenile Division, which dismissed a criminal petition filed against defendant.

On February 25, 1977, a home on Diamond Lake Island, Cassopolis, Michigan, was extensively damaged. A juvenile petition was filed against defendant on his 19th birthday, November 27, 1979, for allegedly breaking and entering the home on Diamond Lake Island. Defendant was approximately 16 years, 3 months old at the time the alleged crime occurred. On December 5, 1979, the probate court dismissed the petition for lack of jurisdiction. Although no authority was cited, the dismissal was apparently based on MCL 712A.5; MSA 27.3178(598.5), which provides in part:

"The juvenile division of the probate court shall not have jurisdiction over a child after he or she attains the age of 18 years, except as provided in section 2a."

The following day the prosecutor requested a warrant in district court charging defendant with malicious destruction of property over $100. The district court refused to sign the warrant on the

ground that no jurisdiction attached pursuant to MCL 712A.3; MSA 27.3178(598.3), which states in part:

"If during the pendency of a criminal charge against a person in any other court, it is ascertained that the person was under the age of 17 at the time of the commission of the offense, the court shall transfer such case without delay, together with all the papers, documents, and testimony connected therewith, to the juvenile division of the probate court of the county in which such other court is situated or in which the person resides."

The prosecutor then filed a complaint for superintending control in the circuit court. Following a hearing, the circuit court issued a writ of superintending control directing the district court to issue a warrant for defendant's arrest and then transfer the case to the probate court pursuant to MCL 712A.3; MSA 27.3178(598.3). Pursuant to the circuit court's order, defendant was arraigned on March 19, 1980, and the case was then transferred to probate court.

On April 25, 1980, defendant tendered a plea in confession in probate court. The probate judge refused to accept the plea and dismissed the case for lack of jurisdiction. The prosecutor filed a claim of appeal in the circuit court which affirmed the probate court's order of dismissal. We granted the prosecutor's application for leave to appeal.

The question is whether the court of adult criminal jurisdiction or the juvenile division of the probate court has jurisdiction over a person who allegedly commits a crime prior to his 17th birthday and who obtains the age of 18 prior to the commencement of criminal proceedings against him.

Probate court jurisdiction ceases under MCL 712A.5; MSA 27.3178(598.5) at the time the child obtains the age of 18, except as provided in MCL 712A.2a; MSA 27.3178(598.2a).[1] On the other hand, MCL 712A.3; MSA 27.3178(598.3) requires the adult criminal court to transfer the case to the probate court if the defendant was under the age of 17 at the time of the commission of the offense, regardless of the defendant's age at the time the transfer is made. The statutes are in obvious conflict. Under a literal reading, a person who commits a crime prior to his 17th birthday and obtains the age of 18 prior to the institution of criminal proceedings would not be subject to the jurisdiction of either the circuit court or the probate court. We do not believe the Legislature intended to immunize the defendant from criminal prosecution in such cases.

Since there is no Michigan authority pertaining to the interpretation of these conflicting statutes,[2] our decision is guided by principles of statutory construction. The cardinal rule of statutory construction is to determine and effectuate the intent of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). When alternative interpretations are possible, a court must ascribe to the Legislature the most probable and reasonable intention. *Oakland Schools Bd of Ed v Superintendent of Public Instruction,* 392 Mich 613, 619; 221 NW2d 345 (1974). Legislative enactments must be read as a whole so as to harmonize the meaning of their separate provisions and, if possible, avoid the construction

[1] MCL 712A.2a; MSA 27.3178(598.2a) is not pertinent to the present case.

[2] *Cf. People v Carlson,* 360 Mich 651; 104 NW2d 753 (1960); *People v Tillard,* 318 Mich 619; 29 NW2d 111 (1947); *People v Ross,* 235 Mich 433; 209 NW 663 (1926).

of one provision in such a manner as to negate another. *Franges v General Motors Corp,* 404 Mich 590, 611; 274 NW2d 392 (1979); *Washtenaw County v Saline River Intercounty Drainage Board,* 80 Mich App 550, 555; 264 NW2d 53 (1978), *lv den* 402 Mich 944 (1978). Statutes must be construed to avoid absurd or unreasonable results. *In the Matter of Karen Marable,* 90 Mich App 7, 10; 282 NW2d 221 (1979), *lv den* 407 Mich 871 (1979). A statute specific in language and enacted contemporaneously or subsequent to a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be a conflict between them. *People v Joseph,* 110 Mich App 465, 471; 313 NW2d 340 (1981).

In the case at bar, MCL 712A.5; MSA 27.3178(598.5) is a general provision requiring the juvenile division of the probate court to relinquish jurisdiction at the time the child attains the age of 18. In contrast, MCL 712A.3; MSA 27.3178(598.3) is a specific statute which applies only in instances in which the accused was under the age of 17 at the time the offense occurred. Were we to strictly enforce the age limit provided in MCL 712A.5; MSA 27.3178(598.5), the provision for transfer of jurisdiction in MCL 712A.3; MSA 27.3178(598.3) would be totally negated in cases where the defendant is 18 years of age or older.

Applying the above-stated rules of statutory construction, we hold that where a case is transferred to the probate court pursuant to MCL 712A.3; MSA 27.3178(598.3), the probate court shall have jurisdiction without regard to the defendant's age at the time of transfer. However, such jurisdiction shall be 'for the limited purpose of holding a waiver hearing pursuant to MCL 712A.4; MSA

27.3178(598.4). Pursuant to the procedures set forth in the statute, the probate court may waive jurisdiction to the court having general criminal jurisdiction over the charged offense. If the probate court declines to waive jurisdiction, the case shall be dismissed. We believe this procedure effectuates the legislative intent and, to the extent possible, gives effect to both conflicting statutes.

Remanded for further proceedings consistent with this opinion.

R. B. Burns, J. *(concurring in result).* The facts in this case are stipulated to and certified into a concise statement. On February 25, 1977, a home on Diamond Lake Island, Cassopolis, Michigan, was extensively damaged. Subsequently, a juvenile petition against defendant was issued on his 19th birthday, November 27, 1979, for allegedly breaking and entering the home on Diamond Lake Island.

Defendant was 16 years, 3 months old at the time the alleged crime took place. On December 5, 1979, the probate judge dismissed the case for lack of jurisdiction. Although the judge did not cite any authority for his action, I assume such action was taken under MCL 712A.5; MSA 27.3178(598.5) which states in part:

"The juvenile division of the probate court shall not have jurisdiction over a child after he or she attains the age of 18 years * * *."

The next day the prosecutor filed an adult criminal complaint and warrant charging defendant with malicious destruction of property over $100. The district judge refused to sign the complaint and warrant and ruled that he did not have juris-

diction, citing MCL 712A.3; MSA 27.3178(598.3), which states:

"If during the pendency of a criminal charge against a person in any other court, it is ascertained that the person was under the age of 17 at the time of the commission of the offense, the court shall transfer such case without delay, together with all the papers, documents, and testimony connected therewith, to the juvenile division of the probate court of the county * * *."

The prosecutor filed a writ of superintending control in circuit court. The circuit judge ruled that the district court should issue the complaint and warrant for the arrest of the defendant. He further ruled that once the district court judge became aware that the defendant was under the age of 17 when the crime was committed he was obligated to transfer the case to probate court. The case was thereafter transferred to probate court.

The defendant attempted to plead guilty in probate court but the probate judge refused to accept the plea and dismissed the case for lack of jurisdiction.

So—apparently, a crime was committed, but no court would accept jurisdiction.

None of the courts involved mentioned MCL 712A.4; MSA 27.3178(598.4), which states in part:

"Where a child who has attained the age of 15 years is accused of any act the nature of which constitutes a felony, the judge of probate of the county wherein the offense is alleged to have been committed may waive jurisdiction pursuant to this section upon motion of the prosecuting attorney, whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense."

In many ways this case is like *People v Ross,*

235 Mich 433; 209 NW 663 (1926), where a youth
14 years old laid in wait for and shot a neighbor in
the back and robbed him of $50. The Court stated
on pages 442-443:

"Suppose a youth, one day under 15 years of age, lies
in wait, deliberately shoots and kills a neighbor, robs
and hides the body, conceals the weapon, and is not
discovered as the murderer until he is one day past the
age of 17 years, then, if my Brother is right, the
offender is beyond the reach of the law, for his age at
the date of the crime fixes exclusive jurisdiction in the
juvenile court, and that court has no jurisdiction over
one arrested after reaching the age of 17 years, and he
cannot be charged with a felony in the circuit court,
for, at the date of the murder, he was not 15 years of
age. There is no limitation of time within which one
committing a murder must be charged therewith, and a
construction of this statute which would bar prosecu-
tion of a murderer, if a youth a few days under 15 years
of age when he committed the crime, and avoids discov-
ery until he is above the age of 17 years, cannot have
my sanction. My Brother's opinion would render this
law a statute of limitations under the supposed case I
have stated. Clearly the legislature never intended that,
under any circumstances, a prosecution for murder
should be barred."

In *Ross, supra,* the majority held that the defen-
dant's age at the time of the charge controlled the
proceedings and cited the predecessor of our pres-
ent waiver statute, MCL 712A.4; MSA
27.3178(598.4).
The Court also stated on page 442:

"This clearly relates to a charge of crime pending in
a court of criminal jurisdiction. Where a child under
the age of 17 years and above the age of 15 years is
charged in a criminal proceeding with a felony, and his
age is ascertained during the pendency of a criminal
case against him, the officer making the arrest, or the

court ascertaining the age, must submit the matter to the juvenile court, and that court may, where a child over the age of 15 years is so charged with a felony, waive jurisdiction and permit the child to be tried in the court having general criminal jurisdiction of the offense. Section 2012, 1 Comp Laws 1915, before mentioned, recognized the accountability of children over 14 years of age charged with the commission of a felony."

In the present case, the Legislature has stated that the age of the juvenile is determined at the time the offense was committed.

The defendant was 16 years, 3 months of age when he committed the breaking and entering. The probate court had jurisdiction. When it was determined at the waiver hearing that the defendant had committed an act the nature of which was a felony and that the defendant was 19 years of age the probate judge should have waived jurisdiction to the adult courts.

I would remand the cause for proceedings consistent with this opinion.