*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LAWRENCE MICHAEL SEAY, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellant,

v

LAWRENCE MICHAEL SEAY,

        Respondent-Appellee.

FOR PUBLICATION
February 4, 2021
9:20 a.m.

No. 351650
Oakland Circuit Court
Family Division
LC No. 2019-001005-DL

---

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Petitioner appeals as of right the Oakland Circuit Court family division's order declining to authorize its petition which alleged one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (person under the age of 13), against respondent and dismissing the case. We reverse and remand.

## I. FACTUAL BACKGROUND

This case arises out of respondent's alleged sexual assault of TS that occurred when TS was eight years old and respondent was 15 or 16 years old. On September 5, 2019, when respondent was 24 years old, a petition was filed in the family division against respondent alleging he had committed one count of CSC-II. On the same day, petitioner also filed a motion for the family division to waive its jurisdiction to the circuit court for respondent to be tried as an adult. Following a review of the petition, and without a hearing, the referee recommended that the family division not authorize the petition and dismiss the case. The referee concluded that the family division did not have jurisdiction over respondent because, while respondent was 15 or 16 years old when he committed the alleged offense, he was 24 years old when the petition was filed. The referee explained respondent should have been charged in the circuit court initially and that, "[w]hen the adult court determines that the offense occurred prior to [respondent's] 17th birthday,

-1-

it will transfer the case to the juvenile court to conduct the waiver hearing pursuant to MCL 712A.4." The family division adopted the referee's recommendation, and entered an order declining to authorize the petition and dismissing the case.

## II. JURISDICTION

On appeal, petitioner argues that the family division erroneously concluded that it did not have jurisdiction over respondent because he was 24 years old when the petition was filed. Petitioner asserts that the family division's rationale for not authorizing the petition and dismissing the case is flawed because the family division had jurisdiction over respondent for the limited purpose of conducting a waiver hearing. We agree.

To preserve an issue for appellate review in juvenile delinquency proceedings, the issue must be raised before, addressed by, and decided by the lower court. *In re Killich*, 319 Mich App 331, 336; 900 NW2d 692 (2017). Petitioner did not raise this argument in the lower court. Therefore, this issue is not preserved for appellate review.

We first note that, "[a] circuit court's authority to exercise jurisdiction over a defendant charged with a felony committed as a minor constitutes a question of personal, not subject matter, jurisdiction. *People v Kiyoshk*, 493 Mich 923; 825 NW2d 56 (2013). As stated by our Supreme Court, the circuit court possesses subject matter jurisdiction over a defendant charged with a felony committed as a minor, as "Michigan circuit courts are courts of general jurisdiction and unquestionably have subject matter jurisdiction over felony cases." *Id.* (citation omitted). And "a party may stipulate to, waive, or implicitly consent to *personal* jurisdiction." *Id.* at 924, quoting *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011).

The legal question of whether a court possesses personal jurisdiction over a party is reviewed de novo. *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012). This Court also reviews questions of statutory interpretation, de novo. *In re Juvenile Commitment Costs*, 240 Mich App 420, 426; 613 NW2d 348 (2000).

Unpreserved issues, however, are reviewed for plain error affecting a party's substantial rights. *In re Diehl*, 329 Mich App 671, 701; 944 NW2d 180 (2019). To avoid forfeiture under the plain error standard, petitioner must demonstrate that an error occurred, the error was plain (i.e., clear or obvious) and, the plain error affected substantial rights. *Id.*, quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763. Even if all three requirements are met, reversal is only warranted when the plain error resulted in an innocent defendant's conviction, or it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *People v Moorer*, 262 Mich App 64, 68; 683 NW2d 736 (2004).

"Generally, the family division of the circuit court (family court) has exclusive jurisdiction over juveniles under seventeen years of age who commit criminal offenses." *People v Conat*, 238 Mich App 134, 139; 605 NW2d 49 (1999). Conversely, the family division does not generally

have jurisdiction over a juvenile after he or she has reached the age of 18. MCL 712A.5. However, MCL 712A.3 provides[1]:

> (1) If during the pendency of a criminal charge against a person in any other court it is ascertained that the person was under the age of 17 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the person resides.

In *People v Schneider*, 119 Mich App 480; 326 NW2d 416 (1982) a panel of this Court was called upon to resolve the issue of "whether the court of adult criminal jurisdiction or the juvenile division of the probate court has jurisdiction over a person who allegedly commits a crime prior to his 17th birthday and who obtains the age of 18 prior to the commencement of criminal proceedings against him." *Id.* at 484. The *Schneider* Court recognized the apparent conflict between MCL 712A.3 and MCL 712A.5, and determined that, "[w]ere we to strictly enforce the age limit provided in MCL 712A.5[], the provision for transfer of jurisdiction in MCL 712A.3 would be totally negated in cases where the defendant is 18 years of age or older." *Schneider*, 119 Mich App at 486. The Court thus held that:

> where a case is transferred to the probate court pursuant to MCL 712A.3[], the probate court shall have jurisdiction without regard to the defendant's age at the time of transfer. However, such jurisdiction shall be for the limited purpose of holding a waiver hearing pursuant to MCL 712A.4. Pursuant to the procedures set forth in the statute, the probate court may waive jurisdiction to the court having general criminal jurisdiction over the charged offense. If the probate court declines to waive jurisdiction, the case shall be dismissed. We believe this procedure effectuates the legislative intent and, to the extent possible, gives effect to both conflicting statutes. [*Id.* at 486-487]

While the *Schneider* case is not binding on this Court due to its publication date (MCR 7.215(J)(1)), we find the reasoning sound. It is personal jurisdiction over the juvenile that is being transferred from the family division to the criminal division and, as previously stated, a person may waive, stipulate to, or consent to personal jurisdiction. *Kiyoshk*, 493 Mich at 924.

MCL 712A.4 governs the procedure the family division is to follow in holding a waiver hearing:

> (1) If a juvenile 14 years of age or older is accused of an act that if committed by an adult would be a felony, the judge of the family division of circuit court in the county in which the offense is alleged to have been committed may waive jurisdiction under this section upon motion of the prosecuting attorney. After

---

[1] MCL 712A.2 provides the family court with authority over a child 14 years of age or older who is charged with a violation of certain enumerated offense, none of which are at issue in this matter.

waiver, the juvenile may be tried in the court having general criminal jurisdiction of the offense.

Before waiving its jurisdiction, the family division must first determine, on the record, whether there is probable cause to believe that the juvenile committed the offense. MCL 712A.4(3). If the court decides that probable cause has been established, it must then conduct a hearing to determine if the "best interests of the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction." MCL 712A.4(4). MCL 712A.4(4) sets forth specific criteria the court is to consider in making this determination:

(a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

(b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

(c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

(d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

(e) The adequacy of the punishment or programming available in the juvenile justice system.

(f) The dispositional options available for the juvenile.

The family division must give "greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria." MCL 712A.4(4); See also MCR 3.950(D) and *People v Williams*, 245 Mich App 427, 432; 628 NW2d 80 (2001) (describing the procedure regarding waiver).

Following a waiver hearing, "the court shall enter a written order either granting or denying the motion to waive jurisdiction and the court shall state on the record or in a written opinion the court's findings of fact and conclusions of law forming the basis for entering the order." MCL 712A.4(8). If the family division waives jurisdiction, the case shall be transferred to the criminal division of the circuit court. *Schneider*, 119 Mich App at 487. However, if the court does not waive jurisdiction, the case shall be dismissed. *Schneider*, 119 Mich App at 486.

Admittedly, the statutes and caselaw governing a court's jurisdiction over an individual who is charged for acts they committed as a juvenile after they reach the age of 18 do not directly address the circumstances presented in this case. The procedures described in MCL 712A.3 and MCL 712A.4 contemplate circumstances in which it is determined, "during the pendency of a

-4-

criminal charge against a person in any other court," that the person was under the age of 17 when he committed the alleged offense. MCL 712A.3(1). In other words, the procedures described in MCL 712A.3 and MCL 712A.4 contemplate scenarios in which a criminal charge has already been filed against a person in the circuit court and it is thereafter determined that the person committed the offense when he was under the age of 17.

In this case, respondent was 24 years old when this petition was filed in the family court regarding acts which he allegedly committed when he was 15 or 16 years old. When petitioner filed the petition, it also filed a motion to waive jurisdiction. At the time of filing the petition, petitioner knew that respondent was under the age of 17 when he committed the alleged offense, and, as such, filed the petition in the family division. Thus, this case does not present a situation in which "during the pendency of a criminal charge against a person in any other court," it was ascertained that respondent was a juvenile when he committed the acts. MCL 712A.3(1).

Without holding a hearing, the referee reviewed the petition and recommended that the petition not be authorized and the case be dismissed because the family division did not have jurisdiction over respondent because he was 24 years old. The referee concluded that petitioner should have charged respondent as an adult in the circuit court and, after the circuit court determined that respondent was under the age of 17 when the offense occurred, the circuit court would transfer the case to the family division for a waiver hearing. However, this Court has not[2] and does not take issue with a petitioner filing a petition in the family division against a person has reached the age of 18 regarding acts he committed as a juvenile where it is known that the person was a juvenile when he committed the acts before the petition was filed. Therefore, the family division erred when it concluded that petitioner had to initially file this action in the circuit court for the circuit court to then transfer the case to the family division for a waiver hearing, and by not authorizing the petition and dismissing the case without holding a waiver hearing.

Reversed and remanded for the family division to conduct a hearing to determine whether to authorize the petition and hold a waiver hearing. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto

---

[2] In *In re Fultz*, 211 Mich App 299, 301; 535 NW2d 590 (1995), this Court affirmed a probate court's denial of the prosecution's waiver motion filed in its court concerning a 23-year-old defendant who was alleged to have committed criminal sexual conduct prior to his 16th birthday and the probate court's dismissal of the charges. Our Supreme Court reversed this Court's decision, finding that the probate court abused its discretion in doing so. *People v Fultz*, 453 Mich 937; 554 NW2d 725 (1996). Additionally, in two unpublished opinions, this Court has found no error in a petitioner initiating proceedings in the family court against an adult being charged with criminal offense allegedly committed as a juvenile. See, e.g., *In re Collins*, unpublished per curiam opinion of the Court of Appeals, issued February 20, 2018 (Docket No. 337855); *In re Laspina*, unpublished per curiam opinion of the Court of Appeals, issued December 19, 2019 (Docket No. 346684).