*In re* FULTZ

Docket No. 165271. Submitted March 7, 1995, at Lansing. Decided June 2, 1995, at 9:15 A.M. Leave to appeal sought.

The Oakland County Prosecuting Attorney filed a juvenile delinquency petition in the Oakland County Probate Court against twenty-three-year-old Joseph D. Fultz, charging him with four counts of criminal sexual conduct in the first degree allegedly committed when the respondent was sixteen years old. The prosecutor then moved for waiver of jurisdiction to the Oakland Circuit Court. After a hearing, the probate court, Sandra G. Silver, J., concluded that there was probable cause to believe that the respondent had committed the alleged offenses. After another hearing, the probate court declined to waive jurisdiction and dismissed the charges. The Oakland Circuit Court, David F. Breck, J., affirmed on appeal. The Court of Appeals granted the prosecutor's application for leave to appeal.

The Court of Appeals *held:*

1. In an appeal from a probate court's denial of a motion for the waiver of jurisdiction over a juvenile in a delinquency proceeding, the court's findings of fact are reviewed for clear error and the refusal to waive jurisdiction is reviewed for abuse of discretion.

2. In determining whether jurisdiction should be waived, the probate court, pursuant to MCR 5.950(B)(2)(c) and MCL 712A.4(4); MSA 27.3178(598.4)(4), must consider and make findings with regard to (i) the respondent's prior record, character, physical and mental maturity, and pattern of living, (ii) the seriousness of the offense, (iii) whether the offense is part of a pattern of offenses that would lead to a determination that the respondent may be beyond rehabilitation under existing juvenile programs and statutory procedures, (iv) whether, despite the respondent's potential for treatment, the nature of the respondent's delinquent behavior is likely to render the respondent dangerous to the public when released at age nineteen or

REFERENCES

Am Jur 2d, Courts §§ 29, 104.

See ALR Index under Juvenile Courts and Delinquent and Dependent Children.

twenty-one, (v) the relative suitability of programs and facilities available to the respondent in the juvenile and criminal courts, and (vi) whether it is in the best interests of the public welfare and the protection of the public security that the respondent stand trial as an adult offender.

3. Under the circumstances of this case, the probate court did not clearly err with respect to its findings and did not abuse its discretion in refusing to waive jurisdiction.

4. The automatic waiver statute, MCL 600.606; MSA 27A.606, which took effect four years after the offenses alleged in this case and which includes first-degree criminal sexual conduct among the offenses for which waiver of jurisdiction to the circuit court is automatic if the offense is committed by a juvenile who is fifteen or older but less than seventeen, represents a change in criminal procedure that does not alter the rights of a defendant or any substantive elements of a charged crime and therefore may apply retroactively. However, because MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1) grants the probate court jurisdiction over a child who is fifteen or older and charged with certain felonies, including criminal sexual conduct in the first degree, if the prosecuting attorney files a petition in the juvenile court instead of authorizing a complaint and warrant, the automatic waiver statute cannot apply to this case inasmuch as the prosecutor has waived proceedings in the circuit court by filing a petition in the probate court rather than authorizing a complaint and warrant.

Affirmed.

SMOLENSKI, J., concurring in part and dissenting in part, stated that the probate court failed to appropriately weigh the seriousness of the respondent's alleged offenses, as well as the best interests of the public welfare and the protection of the public security. The circuit court's affirmance of the probate court's denial of the motion for waiver should be reversed and the case should be remanded for a waiver of probate court jurisdiction.

1. CRIMINAL LAW — JUVENILES — PROBATE COURT — WAIVER OF JURISDICTION — APPEAL.

In an appeal from a probate court's denial of a motion for waiver of jurisdiction over a juvenile in a delinquency proceeding, the appellate court reviews for clear error the findings of fact required by MCR 5.950(B)(2)(c) and MCL 712A.4(4); MSA 27.3178(598.4)(4) and reviews for abuse of discretion the refusal to waive jurisdiction.

2. CRIMINAL LAW — JUVENILES — PROBATE COURT — AUTOMATIC
   WAIVER OF JURISDICTION.

> The statute that provides for automatic waiver of probate court
> jurisdiction over a juvenile who at age fifteen years or older but
> less than seventeen commits a felony enumerated in the stat-
> ute may apply retroactively to cases in which the alleged
> offense was committed before the statute became effective as
> long as the prosecutor does not file a juvenile delinquency
> petition in the probate court (MCL 600.606, 712A.2[a][1]; MSA
> 27A.606, 27.3178[598.2][a][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

*Earl R. Spuhler,* for the respondent.

Before: DOCTOROFF, C.J., and CAVANAGH and SMOLENSKI, JJ.

CAVANAGH, J. Respondent, Joseph Dale Fultz, was charged with four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). The charges were dismissed by the Oakland County Probate Court. The circuit court affirmed the decision of the probate court. The prosecution appeals by leave granted. We affirm.

On December 6, 1991, the Oakland County prosecutor's office filed a petition in the probate court on the basis of allegations of criminal sexual conduct involving respondent's niece. The complainant alleged that respondent sexually assaulted her in late October and early November 1984, when she was seven years old. Respondent reached his sixteenth birthday on October 30, 1984.

The prosecutor filed a motion to waive jurisdiction over respondent to the circuit court for trial as an adult. At a phase I hearing to determine whether probable cause existed to believe that

respondent committed the charged crimes, the complainant testified that respondent handcuffed her to the bed posts, compelled her to have sexual intercourse with him, and forced her to perform fellatio. The complainant stated that she did not tell anyone about these incidents until 1991 because respondent threatened her. Respondent denied ever touching the complainant in an inappropriate or sexual manner.

At the conclusion of the phase I hearing, the probate court found probable cause to believe the respondent had committed the charged crimes and scheduled a phase II hearing to determine whether respondent should be treated as a juvenile or an adult offender.

During the phase II hearing, a juvenile caseworker testified that the juvenile rehabilitation system is ill-equipped to address the needs of a twenty-three-year-old offender such as respondent. A Department of Social Services delinquency services worker likewise believed that the rehabilitative needs of a twenty-three-year-old sex offender could not be met in the juvenile system.

Respondent testified that he is married and the father of three daughters, two of whom were born to his wife. Respondent stated that he was currently unemployed, although he was looking for a job. Respondent again denied sexually assaulting the complainant. Respondent stated that he did not have a criminal record and had never received any type of counseling for sex offenders. Respondent's wife testified that he is a good father and has never acted inappropriately with his daughters.

After analyzing the factors set forth in MCR 5.950(B)(2)(c), the probate court declined to waive probate court jurisdiction and dismissed all

charges against respondent.[1] The probate court noted that eight years had passed since the alleged offense and that respondent had neither displayed a pattern of repetitive sexual misconduct nor been charged with any other crime. Although it recognized that first-degree criminal sexual conduct is a very serious crime, the probate court gave little weight to this factor because of the length of time since the alleged offenses and respondent's lack of a criminal record. The probate court concluded that respondent does not represent a threat to public safety.

The prosecution appealed the probate court's decision to the circuit court. The circuit court noted that it would have given greater weight to the seriousness of the offense, but concluded that the decision of the probate court was not clearly erroneous, and there was no abuse of discretion.

The prosecutor sought leave to appeal in this Court. In granting leave, this Court requested that the parties specifically address the applicability of MCL 600.606; MSA 27A.606, which provides for the automatic waiver of certain juvenile offenders to the circuit court, to the instant case.

I

We first address whether the probate court erred in denying the prosecution's motion to waive jurisdiction to the circuit court. We find no error requiring reversal.

The purpose of a juvenile waiver hearing is to establish whether there is probable cause to believe that the juvenile committed the crime and, if

---

[1] Because respondent was over the age of eighteen at the time the case came to the probate court, the probate court had the choice of either waiving jurisdiction to the circuit court or declining to waive jurisdiction and dismissing the case. *People v Schneider,* 119 Mich App 480, 486-487; 326 NW2d 416 (1982).

so, to determine if the best interests of the public and the juvenile would be served by waiving jurisdiction of the juvenile to the circuit court, where the juvenile could be tried as an adult. *People v Hana,* 443 Mich 202, 219-220; 504 NW2d 166 (1993), cert den — US —; 114 S Ct 1074; 127 L Ed 2d 392 (1994). The prosecution has the burden of establishing by a preponderance of the evidence that the best interests of the juvenile and the public would be served by the waiver. MCR 5.950(B)(2)(b).

In determining whether to waive a juvenile to the court having general criminal jurisdiction, the probate court shall consider and make findings with regard to six factors, giving each weight as appropriate to the circumstances. MCL 712A.4(4); MSA 27.3178(598.4)(4). These factors are

(i) the juvenile's prior record and character, physical and mental maturity, and pattern of living;

(ii) the seriousness of the offense;

(iii) whether the offense is part of a repetitive pattern of offenses which would lead to the determination either that the juvenile is not amenable to treatment, or that, owing to the nature of the delinquent behavior, the juvenile is likely to disrupt the rehabilitation of others in the treatment program, despite the juvenile's potential for treatment;

(iv) whether, despite the juvenile's potential for treatment, the nature of the juvenile's delinquent behavior is likely to render the juvenile dangerous to the public when released at age 19 or 21;

(v) whether the juvenile is more likely to be rehabilitated by the services and facilities available in adult programs and procedures than in juvenile programs and procedures;

(vi) whether the best interest of the public welfare and protection of the public security require

that the juvenile stand trial as an adult offender.
[MCR 5.950(B)(2)(c).]

No single factor should be given undue weight.
People v Nelson, 168 Mich App 781, 786; 425
NW2d 225 (1988).

As an initial step, we must determine the proper
standard of review for a probate court's denial of a
motion to waive jurisdiction. The Supreme Court
has stated that a probate court's order *granting* a
motion to waive jurisdiction will be affirmed when-
ever its findings, based on substantial evidence and
thorough investigation, show either that the juve-
nile is not amenable to treatment or that, despite
a potential for treatment, the nature of the juve-
nile's difficulty is likely to render the juvenile
dangerous to the public if released at age nineteen
or twenty-one, or to disrupt the rehabilitation of
other children in the program. *People v Dunbar,*
423 Mich 380, 387; 377 NW2d 262 (1985).

We could merely invert the Supreme Court's
standard of review for the granting of a motion to
waive jurisdiction: a probate court's denial of a
motion to waive jurisdiction will be affirmed when
its findings, based on substantial evidence and
thorough investigation, show that the juvenile is
amenable to treatment and that the nature of the
difficulty is not likely to render the juvenile dan-
gerous to the public if released at age nineteen or
twenty-one, or to disrupt the rehabilitation of
other children in the program.

However, this standard is difficult to apply in
some cases because it encompasses some, but not
all, of the six factors that the probate court must
consider under MCR 5.950(B)(2). Thus, it gives a
reviewing court no guidance on how to approach a
case such as the present one, where the prosecutor
asserts that the probate court erred in its findings

on one of the six factors that must be considered, but which is not incorporated in the standard. We therefore adopt a more general standard of review similar to the standard used for reviewing a probate court's decision to terminate parental rights. We hold that a probate court's order denying a motion to waive jurisdiction will be reviewed under a bifurcated standard. We first will review the probate court's findings of fact under the clearly erroneous standard. We then will review the probate court's refusal to waive jurisdiction for an abuse of discretion.

We now turn to the application of this standard. The prosecution contends that the probate court erred in finding that the offense was not part of a repetitive pattern of offenses. The prosecution emphasizes that the complainant testified that respondent sexually assaulted her on two separate occasions, and the probate court found that there was probable cause to believe that respondent committed the assaults.

We do not believe that the probate court clearly erred in finding that there was no showing of any repetitive pattern, notwithstanding its finding of probable cause in the phase I hearing. We first note that probable cause is a lesser standard than preponderance of the evidence,[2] which under MCR 5.950(B)(2)(b) is the prosecutor's burden of proof. It is undisputed that respondent does not have a criminal record. In addition, the only allegations of criminal sexual conduct made against respondent are the ones made by the complainant in the present case regarding incidents that allegedly occurred some eight years earlier. The probate court's finding that the charges did not involve a

[2] See *People v Russo,* 439 Mich 584, 607; 487 NW2d 698 (1992); Grano, *Probable Cause and Common Sense: A Reply to the Critics of Illinois v Gates,* 17 U Mich J L Ref 465 (1984).

repetitive pattern of offenses is not clearly erroneous.

The prosecutor also challenges the probate court's analysis of the fifth factor, which compares the juvenile's potential for rehabilitation in adult and juvenile facilities. The probate court gave no weight to this factor because respondent was twenty-three years old and therefore ineligible for placement in any juvenile facility. The prosecution contends that because no juvenile facility accepts persons of respondent's age, the logical result is to waive respondent over to the circuit court. Under the prosecutor's reasoning, this factor must automatically weigh in favor of the prosecutor when a respondent is charged with a crime after he reaches the age of 17½. We do not believe this analysis is appropriate in a case such as the present one, where eight years have passed since the alleged offenses and the respondent has been leading a productive life. We think that the probate court appropriately emphasized the lack of evidence that respondent poses a future danger to the public.

The prosecution argues that the probate court erred in giving great weight to the fact that eight years had passed since the alleged commission of the offense, respondent had married and established a stable family life, and he had had no other contact with the law. The prosecutor points out that the complainant claimed that she kept silent about the alleged sexual assaults because respondent threatened her. The prosecution asserts that under the probate court's reasoning, a juvenile can escape the legal consequences of his offenses simply by intimidating his victim into silence, then getting married and having children.

We do not believe that the weight assigned this factor by the probate court was clearly erroneous.

We think it unlikely that many people will marry and have children solely in order to escape prosecution for crimes that they committed as juveniles. Moreover, the probate court did not base its decision on the mere fact of respondent's marital and parental status; rather, it attached importance to the fact that respondent was carrying out his responsibilities as husband and father in a mature manner.

In sum, we conclude that the probate court's findings of fact are not clearly erroneous, and it did not abuse its discretion in denying the prosecutor's motion to waive jurisdiction.

II

We next consider whether the automatic waiver statute, MCL 600.606; MSA 27A.606, applies in this case.

A

The automatic waiver statute provides:

> The circuit court shall have jurisdiction to hear and determine a violation of section 83, 89, 91, 316, 317, 520b, or 529 of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.83, 750.89, 750.91, 750.316, 750.317, 750.520b, and 750.529 of the Michigan Compiled Laws, or section 7401(2)(a)(i) or 7403(2)(a)(i) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, if committed by a juvenile 15 years of age or older and less than 17 years of age.

First-degree criminal sexual conduct is one of the felonies listed in the automatic waiver statute.

The statute was approved on March 13, 1988,

and became effective on October 1, 1988. Thus, the statute did not take effect until almost four years after respondent allegedly sexually assaulted the complainant. The statute is silent on the question of retroactive application.

The general rule of statutory construction is that a new or amended statute applies prospectively unless the Legislature has expressly or impliedly indicated its intention to give it retroactive effect. This rule applies equally to criminal statutes. However, this general rule does not apply to statutes or amendments that are remedial or procedural. Statutes that operate in furtherance of a remedy already existing and that neither create new rights nor destroy rights already existing are held to operate retroactively unless a different intention is clear. *People v Russo,* 439 Mich 584, 594; 487 NW2d 698 (1992).

Ultimately, a court must look to the object of the statute and the harm that it is designed to remedy, and then apply a reasonable construction that best accomplishes the purpose of the statute. *Id.* at 595. In enacting the automatic waiver statute, the Legislature intended to treat juvenile offenders who engage in serious criminal activity more harshly by providing adult penalties for certain crimes. *People v Veling,* 443 Mich 23, 27; 504 NW2d 456 (1993).

In *Russo, supra,* the Supreme Court addressed the question whether an amended statute of limitations could be applied retroactively. The statute of limitations in effect at the time of the alleged criminal sexual assaults was six years. Before the running of the then-applicable six-year statute of limitations, the Legislature amended the statute of limitations in sexual assaults of minors to six years or the victim's twenty-first birthday, whichever is later. *Russo, supra* at 589-590.

The Court first noted that the application of the amended statute of limitations did not violate the Ex Post Facto Clause, US Const, art I, § 10, cl 1, because "[t]he sexual assaults were not innocent when committed, the quantum of punishment is unchanged, and the defendant has not been deprived of any defense available to him at the time the acts were committed." Russo, supra at 593. The Court then held that changes in criminal procedure that do not alter either the rights of a defendant or any substantive elements of the crime charged may be applied retroactively. Id. at 595.

We believe that the adoption of the automatic waiver statute constitutes a similar change in criminal procedure. Because the automatic waiver statute neither alters a defendant's rights nor changes any of the substantive elements of the enumerated felonies, it may properly be applied retroactively. We therefore hold that the automatic waiver statute has retroactive application.

Respondent contends that retroactive application of the automatic waiver statute would deprive him of his right to rehabilitation in the juvenile system. However, respondent does not have a constitutional right to be treated as a juvenile. Hana, supra at 220. Moreover, even before the enactment of the automatic waiver statute, a fifteen- or sixteen-year-old offender could be tried as an adult for certain offenses if the probate court granted the prosecutor's request for a waiver. See MCL 712A.4(1); MSA 27.3178(598.4)(1). Finally, waiver is not synonymous with the establishment of guilt. In cases where a juvenile is waived to an adult criminal court, the juvenile is still afforded the right to a jury trial and the presumption of innocence. Hana, supra at 220.

B

We next address the question whether the automatic waiver statute may be applied in the present case, thereby allowing the prosecutor to pursue the case against respondent in the circuit court.

At first glance, it appears that the circuit court's jurisdiction may not be challenged. MCL 600.606; MSA 27A.606 provides: "The circuit court shall have jurisdiction to hear and determine a violation of [certain enumerated felonies] if committed by a juvenile 15 years of age or older and less than 17 years of age." The word "shall" generally denotes a mandatory duty. *People v Kelly*, 186 Mich App 524, 529; 465 NW2d 569 (1990).

However, the Legislature has given the prosecutor discretion to try juveniles in either the circuit court or the probate court: "The juvenile division of the probate court shall have jurisdiction over a child 15 years of age or older who is charged with a violation of [certain enumerated felonies] *if the prosecuting attorney files a petition in juvenile court instead of authorizing a complaint and warrant.*" MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1) (emphasis added). Thus, in order for the circuit court to have personal jurisdiction over juveniles charged with enumerated offenses, the prosecutor must authorize a complaint and warrant in the circuit court. See *Veling, supra* at 31.

However, in the instant case, the prosecutor filed a petition in the probate court. Thus, the prosecutor chose to waive his option to pursue this case in the circuit court and instead conferred jurisdiction on the probate court. We are not aware of any statutory provision that allows the prosecutor to give jurisdiction to the probate court,

then wrest it away because he dislikes the probate court's resolution of the case. We believe such a result would violate respondent's rights to due process and fundamental fairness. Accordingly, we hold that the prosecutor has waived his right to proceed against respondent in the circuit court.

Affirmed.

DOCTOROFF, C.J., concurred.

SMOLENSKI, J. *(concurring in part and dissenting in part)*. I concur with part II of the majority opinion. I also concur with part I of the majority opinion concerning the proper standard of review for a probate court's denial of a motion to waive jurisdiction.

However, I respectfully dissent concerning the application of that standard of review to the facts of this case. "The appropriate standard for purposes of a phase II hearing is 'whether the interests of the juvenile *and the public* would best be served by granting the motion [for waiver].' " *People v Hana,* 443 Mich 202, 223; 504 NW2d 166 (1993) (emphasis in original). In this case, the probate court found that there was probable cause to believe that respondent had forced the complainant to engage in conduct constituting four counts of criminal sexual conduct in the first degree. Respondent was ineligible for placement at any juvenile facility because of his age. The complainant claimed that she had kept silent about respondent's alleged sexual assaults because respondent had threatened her.

Therefore, I would hold that under the circumstances of this case the probate court abused its discretion in failing to appropriately weigh the seriousness of respondent's alleged crimes, and the

best interest of the public welfare and the protec-
tion of the public security. See MCR 5.950(B)(2)
and MCL 712A.4; MSA 27.3178(598.4); see also
*Hana, supra.* I do not believe that under these
circumstances respondent should be rewarded for
allegedly living a life free of crime for eight years.
I would reverse the circuit court's affirmance of
the probate court's order declining to waive juris-
diction, and remand. I note that after being
waived to adult criminal court, respondent would
still be afforded the right to a jury trial and the
presumption of innocence. *Hana, supra* at 220.

Alternatively, I invite the Legislature to address
the appropriate factors to be considered by a pro-
bate court in a situation, such as this, where a
person allegedly commits a crime while a juvenile
but criminal proceedings are not initiated until
adulthood.