554 N.W.2d 725 (1996)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Joseph Dale FULTZ, Defendant-Appellee.
No. 103440. COA No. 165271.
Supreme Court of Michigan.
November 12, 1996.
This matter having come on to be heard by leave granted and oral argument having been heard, on order of the Court, we REVERSE the judgments of the Court of Appeals and the Oakland County Probate Court. For the reasons stated by the dissenting judge in the Court of Appeals, we find the probate court abused its discretion in denying the prosecutor's motion to waive jurisdiction to the circuit court. We REMAND the matter to the probate court with the direction that the court enter an order waiving jurisdiction over the defendant to the circuit court.
In light of our resolution of the above-mentioned issue, it is unnecessary for this Court to address the other question raised *726 by the prosecutor in the Court of Appeals and in this Courtwhether the prosecutor, by proceeding against the defendant in probate court pursuant to M.C.L. § 712A.2(a)(1); M.S.A. § 27.3178(598.2)(a)(1), has waived the right to proceed against the defendant in circuit court. The Court of Appeals concluded that the prosecutor waived that right. Because of our resolution of the first issue, we DIRECT that that portion of the Court of Appeals opinion resolving the election of forum issue against the prosecutor be accorded no precedential force or effect.
LEVIN, Justice, dissents and states as follows:
The issue is whether the Oakland County Probate judge abused her discretion in declining to waive jurisdiction of the defendant, Joseph Dale Fultz, so that he could be prosecuted as an adult. The majority adopts the reasoning of the dissenting Court of Appeals judge in finding an abuse of discretion.
The dissenting judge stated that there was an abuse of discretion in failing to weigh appropriately the "seriousness of respondent's alleged crimes, and the best interest of the public welfare and the protection of the public security."[1] 211 Mich.App. 299, 312-313, 535 N.W.2d 590 (1995).
The prosecutor charges that Fultz, when he was sixteen, engaged in first-degree criminal sexual conduct with his seven-year old niece. The charges were brought over seven years later when Fultz was twenty-three.
The dissenting judge observed that Fultz "was ineligible for placement at any juvenile facility because of his age. The complainant claimed that she had kept silent about respondent's alleged sexual assaults because respondent had threatened her."[2] The judge added, "I do not believe that under these circumstances respondent should be rewarded for allegedly living a life free of crime for eight years."[3]
Lastly, the judge "invite[d] the Legislature to address the appropriate factors to be considered by a probate court in a situation, such as this, where a person allegedly commits a crime while a juvenile but criminal proceedings are not initiated until adulthood."[4]
Ordinarily when a case is argued in this Court, an opinion is written addressing the issues raised by the parties. Rarely, an argued case is disposed of by order without opinion. Today's order, reversing the judgment of the Court of Appeals, does not thoughtfully, carefully, or adequately address the issues. The reasoning of the dissenting judge, adopted by the majority, is not persuasive. Addressing, in reverse order, the reasons so adopted:
 The Legislature has resolved the issue respecting a crime as serious as the crime here charged, by providing, without regard to the age of the offender at *727 the time the charge is brought, for automatic waiver of jurisdiction.[5] The prosecutor did not seek automatic waiver, but rather invoked the discretion of the probate court, and, thereby, said the Court of Appeals, forfeited automatic waiver.[6]
 The statute provides that, among the criteria to be considered in deciding whether to waive an offender from juvenile court to adult court, the probate judge should consider "[w]hether the offense is part of a repetitive pattern of offenses...."[7] Thus, it is not a question of "rewarding" Fultz for livingnot just "allegedly" livinga life free of crime for eight years. Rather, the Legislature has determined that one of the criteria to be considered is whether one lives a life free of crime.
 The probate judge found that there is probable cause to believe that the sexual assaults were committed. She did not find whether there is probable cause that the niece kept silent because Fultz had threatened her. The dissenting judge, and the majority in adopting his reasoning, ignore, a point made by the majority in the Court of Appeals. The standard of proof imposed on a prosecutor in a phase II hearing (preponderance of the evidence; see n 1) is greater than probable cause. The probate judge properly could discount the threat allegedly made by Fultz in determining whether the defendant represents a danger to society. Further, the dissenting judge and the majority usurp the probate judge's and jury's roles, as finders of fact, in deciding that the niece's allegations, rather than Fultz's denial, are to be believed in weighing as a factor the niece's assertion that she remained silent for over seven years because Fultz had threatened her.
 The defendant has in fact lived a life free of crime for eight years. There is thus no evidence that would justify a finding that he poses a threat to the public safety. And, thus, the criterion respecting the "protection of the public security" weighs in favor of Fultz.
 The only basis, thus, on which the dissenting judge, and the majority, could conceivably predicate a conclusion that there was an abuse of discretion is the asserted failure of the probate judge to give appropriate weight to the "seriousness of the offense" and "the best interest of the public welfare." The latter, as the dissenting judge/majority apply it, is simply repetitious of the "seriousness of the offense." It is well established, however, that the "seriousness of the offense" is only one of the criteria, not the only criterion to be considered. This Court, in People v. Dunbar, 423 Mich. 380, 387, 406, 377 N.W.2d 262 (1985), in opinions signed by all seven justices, adopted the following statement in People v. Schumacher, 75 Mich.App. 505, 512, 256 N.W.2d 39 (1977):
We emphasize, however, that the "seriousness of the offense", MCLA 712A.4(4)(b); MSA 27.3178(598.4)(4)(b), JCR 1969, 11.1(b)(2), may not alone be used to determine the likelihood that a potentially amenable juvenile will endanger the public or other children in a rehabilitation program. [Emphasis added.]
The dissenting judge/majority, in finding an abuse of discretion, ignore that the seriousness of the offense is but one of the criteria and "may not alone be used to determine the likelihood that a potentially amenable juvenile will endanger the public...." (Emphasis added.) The probate judge carefully *728 and thoughtfully reviewed all the criteria. There was no abuse of discretion.

I
Fultz was charged in Oakland County Probate Court on December 6, 1991, with four counts of first-degree criminal sexual conduct. Fultz's niece alleged he sexually assaulted her in late October and early November 1984, when she was seven years old. Fultz turned sixteen on October 30, 1984.
Fultz was twenty-three when the petition was filed. The prosecutor moved the probate court to waive jurisdiction over Fultz to the circuit court for trial as an adult.[8] The judge conducted a hearing pursuant to MCR 5.950(B), concluding in phase I[9] that there was probable cause to believe that a crime had been committed by Fultz.
After the phase II hearing to determine if "the interests of the juvenile and the public would best be served by granting the motion,"[10] the probate judge analyzed all the factors set forth in MCR 5.950(B)(2)(c) and declined to waive jurisdiction. She stated her analysis of each of the factors, deciding if the factor favored waiver, and how much weight to give each factor. She concluded that Fultz had not displayed a pattern of repetitive sexual misconduct, nor did he represent a threat to public safety. While recognizing the seriousness of the charges facing Fultz, she determined that the other evidence reduced the weight to be given this factor.
The prosecutor appealed in the circuit court. The circuit judge said that he might have given more weight to the seriousness of the offense, but could not say that the probate judge had abused her discretion in declining to waive jurisdiction. Nor were her findings concerning the criteria clearly erroneous. The Court of Appeals affirmed, one judge dissenting.

II
The correct standard of review, we all agree, is to determine if the probate judge's findings of fact were clearly erroneous, and then to evaluate her decision to determine whether there was an abuse of discretion.
This Court's sole inquiry is the application of the facts found by the probate court to the criteria enumerated in the statute and the court rule.[11]
The probate judge issued a detailed opinion[12] stating the facts that she had found to be relevant to each criterion, whether each criterion favored waiver or retention of jurisdiction, and the relative weight she thought should be accorded each criterion:
The juvenile's prior record and character, physical and mental maturity, and pattern of living is the first criteria this court must consider. The respondent in this case is 24 years old. Thus, there is no question of his physical and mental maturity, particularly in light of the fact that the language of the Michigan Court Rules presumes that this court would be examining the maturity of a juvenile. As to the respondent's character and pattern of living, the court finds that the respondent is a married adult with three children, trying to earn a living. Furthermore, the respondent has no prior record, and in fact has had no incidents with the law subsequent to 1984, the time the alleged offenses occurred. These factors are all given great weight. The court remains cognizant of *729 the fact that eight years have passed since the alleged offense occurred and the respondent has remained a law-abiding productive member of the community.
As to the seriousness of the offense, there is no doubt that criminal sexual conduct is a serious offense. However, the prosecutor's argument throughout this waiver hearing has been premised on the assumption that the respondent has already been found guilty of that which has been alleged, and that is not the case. The court gives little weight to the seriousness of the offense alleged, taking into consideration the lack of any further incidents of sexual assault, and the length of time passed before charges were brought by the alleged victim.
The next issue is whether the offense is part of a repetitive pattern of offenses which would lead to the determination that either the juvenile is not amenable to treatment, or that, owing to the nature of the delinquent behavior, the juvenile is likely to disrupt the rehabilitation of others in the treatment program. As stated before, the respondent has never been accused or charged with any further incidents of the alleged offenses or any other crimes. Furthermore, although charged with four counts of the alleged offense, there were only two dates that this allegedly occurred, and they were very close in time. There has been no showing by the prosecutor of any repetitive pattern, and the court gives great weight to the lack of evidence showing a repetitive pattern. The court cannot make a finding as to the respondent's amenability to juvenile treatment since no juvenile facility accepts persons over the age of 17½.
The next criterion is whether, despite the juvenile's potential for treatment, the nature of the juvenile's delinquent behavior is likely to render the juvenile dangerous to the public when released at age 19 or 21. Again, the respondent is 24 years old, so little weight can be given to this factor, if any at all, since it has already been proven by virtue of the respondent's age that he was not a danger to the public at age 19 or 21. Furthermore, the prosecutor has presented no evidence that the respondent is a present danger nor a future threat except as to argue that because he has denied any wrongdoing in this offense, that he is still a danger to society and needs treatment. The court gives great weight to the complete lack of evidence that the respondent poses a future danger to the public.
The next criteria [sic] is whether the juvenile is more likely to be rehabilitated by the services and facilities found available in adult programs and procedures than in juvenile programs and procedures. Again, little or no weight can be given to this factor since the respondent is too old to be accepted into a juvenile program. However, the court notes that both the testimony of Dan Cojanu, a caseworker with the Oakland County Probate Court, and Linda Tansil, a delinquency services worker employed by the Department of Social Services, was, that there are juvenile programs that they could have recommended for a 15 or 16 year old who had committed these alleged offenses. The court gives great weight to the fact that had the respondent been convicted of these offenses as a juvenile, there would have been a likelihood that he could have benefitted from the juvenile system.
Finally, this court must determine whether the best interests of the public welfare and the protection of the public security require that the juvenile stand trial as an adult offender, and the court gives this criteria [sic] the most weight.
The court would first like to note that unlike most 15, 16, or 17 year olds who are subject to being waived, this respondent has had no chance to benefit from the Juvenile System. If he were accused of these crimes at or near the time they were allegedly committed, he would have stood a chance of being tried as a juvenile and if convicted, either placed on probation or in a program for juvenile sexual offenders in which the average treatment plan is one year.... Presently, if this young man was convicted as charged, in the Circuit Court, he would serve a sentence of at least eight years.

*730 The court finds that if it examines the eight years since this offense allegedly occurred, the respondent has committed no other offenses, that there is no pattern of repetitive behavior which would threaten future harm, nor is there any prior record. Furthermore, the respondent has subsequently married and started a family. Thus, the court finds that the best interests of the public welfare and the protection of the public security do not require that this person stand trial as an adult offender. [Opinion and Order of February 16, 1993, pp. 4-8.]
The majority and dissenting Court of Appeals judges did not find any of the probate judge's factual findings to be clearly erroneous. With the majority's adoption of the dissenting judge's opinion, therefore, the following findings and decisions of the probate court are not contested: (1) Fultz, at the time of the phase II hearing, was a mentally mature and responsible father and husband; (2) he had no criminal record, either before the alleged incident or afterward; (3) he had not engaged in a repetitive pattern of criminal sexual conduct.[13]
In reviewing the probate court's opinion, this Court is obliged to determine if the ultimate decision was an abuse of discretion, on the basis of the testimony and the conclusions that court drew from the testimony.
If this Court continues to follow the "traditional" definition of abuse of discretion set forth in Spalding v. Spalding,[14] it is impossible to categorize the probate judge's decision in this case as "so palpably and grossly violative of fact and logic that it evidences ... [a] perversity of will." The probate judge provided reasons based on the evidence amply justifying her conclusions. The opinion is articulate and well-reasoned. The probate judge's decision is not in defiance of reason.
If the Court were to adopt my suggestion in People v. Talley, 410 Mich. 378, 399-400, 301 N.W.2d 809 (1981) (LEVIN, J., concurring), that Justice Sutherland's articulation of the abuse of discretion standard in Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931), should be adopted in lieu of the Spalding formulation, it still could not properly be said that the probate court's thorough and thoughtful opinion failed to evidence "a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result."
When this Court adopted an abuse of discretion standard, it obligated itself to accept some results with which it and other reviewing judges and courts might disagree had the justices or other appellate judges been sitting at the probate court level.[15] When an appellate court is provided with a thorough and thoughtful opinion by the judge most familiar with the case, review for abuse of discretion should focus on the judge's reasoning rather than the conclusion reached. If the opinion provides sound and sufficient reasons that are supported by the record, and based on the witnesses' or defendant's credibility and maturity as determined by the probate judge, reversal is only proper if the reviewing court can specifically articulate where an error, in fact or application, occurred in the probate judge's opinion.
*731 The probate judge made a judgment call based on the evidence presented at the phase II hearing. The probate judge determined that the prosecutor did not meet his burden to justify a waiver. Whether any of the justices of this Court would have come to the same conclusion faced with the same evidence is not the relevant inquiry. The justices did not have an opportunity to observe the witnesses and their demeanors.
The only proper inquiry is whether the probate judge abused her discretion. Reasonable persons might differ on the importance of a crime-free intervening eight years, the importance to attach to Fultz's stable family life and the favorable testimony of his wife, and the danger he might present to the community.
There being sufficient evidence supportive of a decision to waive or to retain jurisdiction, it is beyond our role as a reviewing court to substitute the judgment of the majority of the justices for that of the probate judge who heard several days of testimony and made her decision on the basis of factors fully supported by the record.
In conclusion, the reasoning of the dissenting judge in Dunbar is pertinent:
The majority purports to adopt a standard for appellate review of a waiver of a juvenile which requires affirmance whenever the probate judge has found on the basis of substantial evidence that waiver is appropriate [or not, in this case]. This standard is consistent with the statutory directive that appellate review may not be de novo, M.C.L. § 701.45a(2); MSA 27.3178(45.1)(2), now M.C.L. § 600.866(1); MSA 27A.866(1). The Court has in fact, however, reviewed the case de novo, substituted its judgment for that of the probate court and has invalidated a waiver decision which the majority admits is supported by the record....
The majority has not articulated a rule of law which requires this result. Nor has any standard of appellate review been advanced to justify the clear usurpation of the authority of the probate court. [423 Mich. at 409, 377 N.W.2d 262 (BOYLE, J., dissenting).]
MICHAEL F. CAVANAGH, J., concurs with LEVIN, J.
NOTES
[1] M.C.L. § 712A.4(4); M.S.A. § 27.3178(598.4)(4). MCR 5.950(B)(2)(c) follows the statute and provides:

(c) The court, in determining whether to waive the juvenile to the court having general criminal jurisdiction, shall consider and make findings on the following criteria, giving each weight as appropriate to the circumstances:
(i) the juvenile's prior record and character, physical and mental maturity, and pattern of living;
(ii) the seriousness of the offense;
(iii) whether the offense is part of a repetitive pattern of offenses which would lead to the determination either that the juvenile is not amenable to treatment, or that, owing to the nature of the delinquent behavior, the juvenile is likely to disrupt the rehabilitation of others in the treatment program, despite the juvenile's potential for treatment;
(iv) whether, despite the juvenile's potential for treatment, the nature of the juvenile's delinquent behavior is likely to render the juvenile dangerous to the public when released at age 19 or 21;
(v) whether the juvenile is more likely to be rehabilitated by the services and facilities available in adult programs and procedures than in juvenile programs and procedures;
(vi) whether the best interest of the public welfare and the protection of the public security require that the juvenile stand trial as an adult offender.
MCR 5.950(B)(2)(b) provides:
The prosecuting attorney has the burden of establishing by a preponderance of the evidence that the best interests of the juvenile and the public would be served by waiver.
[2] 211 Mich.App. at 312, 535 N.W.2d 590.
[3] Id. at 313, 535 N.W.2d 590.
[4] Id.
[5] M.C.L. § 600.606; M.S.A. § 27A.606.
[6] The Court of Appeals ruled that the prosecutor has the discretion to try juveniles in either the circuit or the probate court, and that because the prosecutor chose to waive his option to proceed in the circuit court and had instead conferred jurisdiction on the probate court, he could not wrest jurisdiction from the probate court because he disliked the probate court's resolution of the case. The dissenting Court of Appeals judge agreed. The majority, without explanation or reasoning, gratuitously states that that portion of the Court of Appeals opinion shall not be accorded any precedential force or effect.
[7] M.C.L. § 712A.4(4)(c); M.S.A. § 27.3178(598.4)(4)(c).
[8] Fultz was over eighteen when this prosecution reached the probate court. The Court of Appeals has ruled that in such a case the probate judge has the choice of either waiving jurisdiction to the circuit court or declining to waive jurisdiction and dismissing the case. People v. Schneider, 119 Mich.App. 480, 486-487, 326 N.W.2d 416 (1982).
[9] MCR 5.950(B)(1) provides:

(1) First Phase. The first-phase hearing is to determine whether there is probable cause that an offense has been committed which if committed by an adult would be a felony, and that there is probable cause that the juvenile who is 15 years of age or older committed the offense.
[10] MCR 5.950(B)(2).
[11] See n. 1 for text.
[12] The Court of Appeals declared in People v. Mahone, 75 Mich.App. 407, 413, 254 N.W.2d 907 (1977), that a probate court should provide sufficient information in its rulings to facilitate meaningful appellate review.
[13] Despite the prosecution's contention that the allegation of sexual assault on two different days constitutes a pattern, all the judges considering this argument have rejected it. While an allegation of a subsequent assault might be sufficient to find a pattern, a probate court need not so find. There was not clear error in the probate court's decision to find that there was not a pattern based on the lack of any assertion of incidents since early November 1984.
[14] Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing consideration. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. [355 Mich. 382, 384-385, 94 N.W.2d 810.]

But see People v. Talley, 410 Mich. 378, 399-400, 301 N.W.2d 809 (1981) (LEVIN, J., concurring).
[15] See, e.g., People v. Hellis, 211 Mich.App. 634, 650-651, 536 N.W.2d 587 (1995).