# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TIMOTHY TERRELL BELL, JR., Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

TIMOTHY TERRELL BELL, JR.,

        Respondent-Appellant.

UNPUBLISHED
August 17, 2017

No. 333005
Berrien Circuit Court
LC No. 2016-000077-DL

---

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals by right the order of the trial court's family division waiving its jurisdiction over him, allowing trial to proceed in the adult division of the trial court. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent was charged with first-degree criminal sexual conduct (CSC I), MCL 750.520b(l)(c); third-degree criminal sexual conduct, (CSC III), MCL 750.520d; child sexually abusive activity, MCL 750.145c(2); using a computer to commit a crime, MCL 750.797(3)(f) and 752.796; and possession of child sexually abusive material, MCL 750.145c(4). These charges arose from respondent's alleged sexual assault of a 15-year-old high school freshman girl in a secluded girl's bathroom at their high school. Respondent was a junior at the school. Respondent videotaped at least portions of the incident, showed the recording to a classmate, and told others at the school about it. The incident occurred three days before respondent's 17th birthday.

The prosecution moved the trial court[1] to waive the jurisdiction of the family division to allow respondent to be tried as an adult in the court of general criminal jurisdiction, i.e., the adult division of the trial court. After a hearing, the trial court granted the motion. This appeal followed.

---

[1] We will generally refer in this opinion to the family division as the "trial court."

## II. STANDARD OF REVIEW

We review for clear error the trial court's findings of fact made in a proceeding involving a juvenile. MCR 3.902(A); MCR 2.613(C); see also *In re Fultz*, 211 Mich App 299, 306; 535 NW2d 590 (1995), rev'd on other grounds *People v Fultz*, 453 Mich 937 (1996). We review for an abuse of discretion the trial court's ultimate decision to waive jurisdiction. *Id*. An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 274; 666 NW2d 231 (2003).

## III. ANALYSIS

Respondent argues that the evidence failed to establish that respondent's interest and the public interest were served by the trial court's waiver of jurisdiction. We disagree.

The family division of the trial court has exclusive jurisdiction over proceedings concerning any child under 17 years of age who is charged with violating a law or a municipal ordinance. MCL 712A.2(a)(1); *People v Conat*, 238 Mich App 134, 139; 605 NW2d 49 (1999). However, upon motion of the prosecuting attorney, the family division may waive its jurisdiction over a child who is at least 14 years of age if the alleged offense was a felony. MCL 712A.4(1); *People v Thenghkam*, 240 Mich App 29, 37; 610 NW2d 571 (2003), abrogated on other grounds *People v Petty*, 469 Mich 108; 665 NW2d 443 (2003). The waiver hearing is held in two phases. In Phase One, the trial court must find probable cause to believe that the respondent committed the offense. If the trial court finds probable cause, it must conduct a Phase Two hearing to determine whether the prosecution has established, by a preponderance of the evidence, MCR 3.950(D)(2)(c), that "the best interests of the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction," unless such a waiver is required by MCL 712A.4(5).[2] MCL 712A.4(4); MCR 3.950(D)(2); *People v Williams*, 245 Mich App 427, 432; 628 NW2d 80 (2001). The trial court must consider the six factors identified in MCL 712A.4(4)(a)-(f) when making the best-interest determination. *Williams*, 245 Mich App at 432; see also MCR 3.950(D)(2)(d)(*i*)-(*vi*) (listing the best-interest factors found in MCL 712A.4(4)(a)-(f)). The trial court must give greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other factors. MCL 712A.4(4); *People v Whitfield (After Remand)*, 228 Mich App 659, 662 n 1; 579 NW2d 465 (1998).

MCL 712A.4(4) provides:

> (4) Upon a showing of probable cause under subsection (3), the court shall conduct a hearing to determine if the best interests of the juvenile and the

---

[2] MCL 712A.4(5) provides: "If the court determines that there is probable cause to believe that an offense has been committed that if committed by an adult would be a felony and that the juvenile committed the offense, the court shall waive jurisdiction of the juvenile if the court finds that the juvenile has previously been subject to the jurisdiction of the circuit court under" certain statutes. Respondent in this case had never been previously subject to the jurisdiction of the circuit court, necessitating a Phase Two hearing.

public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction. In making its determination, the court shall consider all of the following criteria, giving greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria:

(a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

(b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

(c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

(d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

(e) The adequacy of the punishment or programming available in the juvenile justice system.

(f) The dispositional options available for the juvenile.

In this case, the trial court held a Phase One hearing and found probable cause to believe that respondent had committed the charged offenses. Because the trial court was not automatically required to waive jurisdiction, it held a Phase Two hearing as required under MCL 712A.4(4), considered the enumerated factors (a)-(f), and placed its findings on the record.

In analyzing factor (a), the trial court considered the seriousness of the five charged felony offenses. The trial court also considered aggravating factors relating to the charged offenses and found that a preponderance of the evidence established that the victim was a socially awkward, autistic, high school freshman girl who was very susceptible to manipulation and coercion. Evidence also established that she was seriously emotionally and psychologically impacted by respondent's alleged conduct. Based on our review of the record, the factual findings of the trial court in relation to factor (a) were not clearly erroneous.

In relation to factor (b), the trial court considered the testimony of the investigating detective, the supervisor of sex offender probation, and the juvenile probation officer assigned to the case, as well as the police report, the victim's Child Assessment Center (CAC) interview, and the victim's testimony at the Phase One hearing. The trial court found that it was undisputed that respondent had engaged in oral sex with the victim in a deserted second floor girl's bathroom at the high school, and had video-recorded the event on his cell phone. The trial court also found that, based on the victim's testimony, respondent had relentlessly demanded oral sex from her even though she repeatedly declined. Further, based on the victim's testimony, respondent used

-3-

physical force by placing his hands on her during the incident. The evidence in the record also established that after video-recording the incident, respondent showed the recording to a friend and told others about it. The factual findings of the trial court in relation to factor (b) were not clearly erroneous.

Regarding factor (c), the trial court noted that respondent had no formal juvenile record. However, when the trial court considered respondent's high school record, it found that respondent had one documented incident of defiance, had multiple absences and tardiness for unspecified reasons, and was suspended in relation to the incident. The factual findings of the trial court in analyzing factor (c) are supported by the record and were not clearly erroneous.

With respect to factor (d) the trial court found that, although respondent had willingly and meaningfully participated in organized sports and several community programs designed for leadership and character building, he had failed to internalize those programs' values. This finding, while arguably not related to factor (d), was supported by the record and not clearly erroneous.

Regarding factor (e), the trial court considered the adequacy of the punishment or programing available in the juvenile justice system and appropriately relied on the uncontroverted testimony of the witnesses and the Phase Two Waiver Report prepared by the juvenile probation officer. The record supports the trial court's finding that the juvenile justice system lacked suitable programs for sex offenders who used force during the commission of the charged offenses. The trial court also correctly found that juvenile residential treatment programs and other juvenile services would only be available to respondent for a limited time (i.e., less than one year), and that he would have access to services for a longer period of time in the adult system. Consequently, the trial court did not clearly err by finding that treatment in the juvenile justice system was inadequate for this offender and this offense.

With regard to factor (f), the trial court considered what dispositional options were available to respondent in both the adult and juvenile justice systems. The trial court found that, in the adult system, first-time juvenile offenders with no prior formal juvenile history typically are offered a plea agreement or reduction in charges, a practice that, if followed in this case, could allow respondent to be placed on probation and allowed to reside with his parents or relatives under a probation officer's supervision, and that he could be ordered to participate in family therapy, intensive probation, and multi-systemic therapy. In the juvenile system, the trial court could place respondent in foster care, or in a long-term or short-term residential program, or commit him to the Michigan Department of Health and Human Services as a ward of the court where his program placement would be determined. Again, the record supports these findings. Therefore, the factual findings of the trial court with respect to factor (f) were not clearly erroneous.

We have carefully reviewed the record, and we conclude that the trial court's overall factual findings were supported by a preponderance of evidence and were not clearly erroneous. *Fultz*, 211 Mich App at 306. Moreover, the trial court properly considered and balanced the statutory factors set forth in MCL 712A.4(4), giving appropriate weight to particular factors under the circumstances of this case. Had respondent committed the offenses with which he was charged a mere three days later (i.e., after his 17th birthday), he undisputedly would have been

tried as an adult offender. There was a strong possibility that, if convicted in the juvenile justice system, respondent would receive services for less than one year. The record additionally reveals that respondent's family was not motivated to assist in his rehabilitation. Under these circumstances, the trial court's decision to waive the jurisdiction of the family division fell within a range of principled outcomes and was not an abuse of discretion. *Babcock*, 469 Mich at 274; *Fultz*, 211 Mich App at 306.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle