# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 29, 2017

Plaintiff-Appellee,

v

No. 335820
Saginaw Circuit Court
LC No. 15-034496-DL

ADRAIN TERELL JOHNSON,

Defendant-Appellant.

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right from an order of the Family Division of the Saginaw Circuit Court ("family court") waiving the family court's jurisdiction over the trial to be held on charges of one count of first-degree home invasion, MCL 750.110a(2), one count of conspiracy to commit first-degree home invasion, MCL 750.110a(2) and MCL 750.157, and three counts of armed robbery, MCL 750.529. Defendant is 15 years old, and according to the probable cause findings, he participated in a home invasion with two accomplices, threatened those present, including a child, with a gun, and stole a number of possessions. Defendant concedes that he has "no legal grounds to contest the probable cause findings," but rather challenges the trial court's determination that it was proper for defendant to be tried as an adult under MCL 712A.4(4). We vacate and remand for further proceedings.

The family court generally has jurisdiction over criminal proceedings concerning any child less than 17 years old. MCL 712A.2(a)(1). If the alleged offense is a felony, the family court may waive its jurisdiction over a child who is at least 14 years old, in which case the child may be tried in a court of general criminal jurisdiction. MCL 712A.4(1). If the family court first finds that the prosecution has established each element of the offense and probable cause that the juvenile committed the offense, the family court must determine "if the best interests of the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general criminal jurisdiction." MCL 712A.4(4); see also MCR 3.950(D)(2). "The prosecuting attorney has the burden of establishing by a preponderance of the evidence that the best interests of the juvenile and the public would be served by waiver," MCR 3.950(D)(2)c), however "[t]he Michigan Rules of Evidence, other than those with respect to privileges, do not apply," MCR 3.950(D)(2)(b). The court is required to consider certain enumerated statutory criteria under MCL 712A.4(4).

-1-

The only witness at the second phase of the proceedings was defendant's probation officer. He explained the criminal charges arise from conduct that occurred a mere sixteen days after defendant had been released on bond on charges of malicious destruction of a building under $200, for which defendant was eventually convicted. Several other charges had been filed against defendant, ranging from domestic violence to unlawful use of a motor vehicle to assault to a curfew violation, but they were all dismissed; one was dismissed pursuant to a plea, but the officer did not know why the others were dismissed. Defendant tested positive for marijuana while on bond. The officer opined that defendant's grades in school were unremarkable. He also testified that defendant displayed disrespect for and defiance of authority, and at one point apparently carved gang graffiti into a door, but all of his incidents were non-violent and he appeared simply to not "take[] things seriously." He was unfamiliar with any mental health issues defendant might have, but noted that he had been advised that defendant "had been on Ritalin in the past."

The officer stated that it was "[his] opinion" that defendant showed no desire to be rehabilitated. However, he admitted that defendant had been offered absolutely no programming or services, no counseling, no assessment to determine his needs, or, it would appear, literally any opportunity to display a desire for rehabilitation. Such services were in fact available; he based his conclusion that they would be futile entirely on defendant's "overall behavior in detention." Incongruously, the officer *also* stated that if defendant remained in the juvenile system, he believed that "all" of the services would be beneficial to defendant: "Intensive probation, counseling, pretty much everything that we have available in the community to offer him would be utilized, yes." The officer admitted that defendant had had no opportunity to show whether he might benefit. At the conclusion of the hearing, *after* the court rendered its decision, the court and attorneys discussed what services might be available to defendant in the adult system, to the general effect that what was available would be "not terribly extensive" in prison and "limited" opportunities in jail.

The court found that the prosecutor demonstrated by a preponderance of the evidence that it is in the best interests of defendant and society to waive jurisdiction.

The family court's findings of fact are reviewed for clear error. MCR 3.902(A); MCR 2.613(C). The decision whether to waive jurisdiction is reviewed for an abuse of discretion. *In re Fultz*, 211 Mich App 299, 306; 535 NW2d 590 (1995), rev'd on other grounds 453 Mich 937 (1996). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014).

The family court must consider the following factors in making its determination whether to waive jurisdiction:

> (a) The seriousness of the alleged offense in terms of community protection, including, but not limited to, the existence of any aggravating factors recognized by the sentencing guidelines, the use of a firearm or other dangerous weapon, and the impact on any victim.

(b) The culpability of the juvenile in committing the alleged offense, including, but not limited to, the level of the juvenile's participation in planning and carrying out the offense and the existence of any aggravating or mitigating factors recognized by the sentencing guidelines.

(c) The juvenile's prior record of delinquency including, but not limited to, any record of detention, any police record, any school record, or any other evidence indicating prior delinquent behavior.

(d) The juvenile's programming history, including, but not limited to, the juvenile's past willingness to participate meaningfully in available programming.

(e) The adequacy of the punishment or programming available in the juvenile justice system.

(f) The dispositional options available for the juvenile [MCL 712A.4(4)(a)-(f); MCR 3.950(D)(2)(d)(i)-(vi).]

The court must give greater weight to the seriousness of the offense and the juvenile's record of delinquency than to other criteria. MCL 712A.4(4). We note that MCL 712A.4(4) is nearly identical to MCL 712A.18(1)(m), governing sentencing of a juvenile as an adult, and our Supreme Court has explained that under that section, the trial court need not "undertake a mechanical recitation of the statutory criteria," but rather need only express its understanding of the options it had available and why it chose the option it did "in light of" the statutory factors. *People v Petty*, 469 Mich 108, 116-119; 665 NW2d 443 (2003). We presume the same minimum standard applies here, and thus we heartily commend the trial court for going above and beyond what *Petty* requires and greatly appreciate having a better record available for our review.

The trial court clearly and reasonably concluded that the alleged offenses were "extremely serious." It noted that "the gun was pointed at the baby and others, and . . . the victims were indeed terrified per their testimony." These factual findings are supported by the record. The evidence showed that defendant and two others invaded an occupied home and robbed those inside the home, who included a baby, at gunpoint. According to one witness, the three assailants "went row by row" and asked the victims to turn over their "stuff," and also "went to other rooms to grab the things." The victims were all told to go into a corner and the three assailants threatened to "'shred the house,'" which was understood to mean "shoot the house up." Victims testified that they were scared. We find no error in the trial court's conclusion under MCL 712A.4(4)(a).

The court found that defendant was equally culpable as the other two assailants. This finding is supported by the record. There was testimony that the assailants repeatedly switched possession of the gun and took turns either pointing the gun at the victims or going into rooms to retrieve items. The fact that defendant and the two others entered the home together, demanded that the victims hand over their property, and were taking turns pointing the gun at the victims demonstrates shared culpability. We find no error in the trial court's conclusion under MCL 712A.4(4)(b).

The court considered defendant's prior record of delinquency. The court listed several incidents of delinquency, including several withdrawn or dismissed petitions and one conviction. The court noted multiple alleged incidents of domestic violence, a curfew violation, the unlawful use of a motor vehicle, and one conviction for malicious destruction of property under $200 that was committed while defendant was on bond for the instant offenses. Additionally, the court considered defendant's defiant behavior while in juvenile detention, and drug use while on bond. As discussed, these findings were supported by the record. We find no error in the trial court's conclusion under MCL 712A.4(4)(c).

The court found that "no services have been implemented but [defendant] has no desire to be rehabilitated according to his probation officer." The court reasoned that "dispositional options within the juvenile system has had no effect on him," and "[p]erhaps the adult system will have programs which would be available." Defendant argues that because no available programming has been offered to him, it is purely speculative to conclude that he would not take advantage of or participate meaningfully in the programming. We agree. It is undeniable that defendant has a history of deviant behavior, but because the family court had never actually implemented any programming, there could not be any evidence or findings made regarding defendant's past willingness to meaningfully participate in programming. Additionally, discussion on the record after the trial court reached its findings suggest that the programs available to defendant in the adult program are significantly less comprehensive than the court apparently believed. The fact that defendant's defiance was entirely non-violent was given inadequate weight. The trial court clearly erred in concluding that defendant had not benefitted from, and would not benefit from, services available to but never offered to him. The trial court's conclusions under MCL 712A.4(4)(d), (e), and (f) are therefore necessarily incorrect.

We disagree with defendant's contention that the trial court relied exclusively on the seriousness of the alleged offense. The court did note that it gives "most weight to the . . . 'seriousness of the alleged offense in terms of community protection,'" but it also systematically considered all of the factors listed in MCL 712A.4(4) and made its findings for each. Moreover, consistent with the court's stated intention, MCL 712A.4(4) states that in a phase two hearing the court must "giv[e] greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other [five] criteria." However, we conclude that the trial court's errors in evaluating his programming history, the adequacy of programming available, and the available dispositional options contaminates the trial court's decision sufficiently that it cannot be upheld. It is apparent that the trial court's otherwise-excellent analysis was hobbled by a misapprehension of the programming options available to or appropriate for defendant, and thus the court could not have arrived at any reasonable conclusion about the extent to which he might benefit from them.

We note briefly that defendant's argument pertaining to the best interests of defendant and the public is an extremely unimpressive appeal to emotions based on worthless rhetorical questions that do not in any way resemble a coherent, rational argument. Ordinarily, we would consider the issue abandoned. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). However, under the circumstances, it is irrelevant, because we conclude that the matter

must be remanded to the trial court for further consideration in light of our conclusions regarding programming and dispositional options.

We emphasize that we do *not* hold that the trial court should necessarily arrive at a different conclusion, and no such implication should be drawn. As noted, by statute most consideration should be given to the seriousness of the offense, which here is undeniable, and the juvenile's record of delinquency. However, the trial court's error in evaluating even relatively minor considerations to the other factors is so egregious that the decision must be given further consideration. It is not our role to otherwise usurp the family court's decision. Notwithstanding our finding, we again commend the trial court for providing us with a comprehensive record of its reasoning.

The family court's decision to waive jurisdiction is vacated, and the matter is remanded for further consideration not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle