*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* LAWRENCE MICHAEL SEAY, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Petitioner-Appellant,

v

LAWRENCE MICHAEL SEAY,

      Respondent-Appellee.

FOR PUBLICATION
February 4, 2021

No. 351650
Oakland Circuit Court
Family Division
LC No. 2019-001005-DL

---

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

LETICA, J. (*concurring*).

I concur in the result. See *In re Fultz*, 211 Mich App 399; 535 NW2d 590 (1995), judgment rev'd and remanded 453 Mich 937; 554 NW2d 725 (1996). And, although I am also persuaded by the reasoning of the majority in *People v Schneider*, 119 Mich App 480; 326 NW2d 416 (1982), I would invite the Legislature to address this situation. *In re Fultz*, 211 Mich App at 313 (SMOLENSKI, J., concurring in part and dissenting in part) ("Alternatively, I invite the Legislature to address the appropriate factors to be considered by a probate court[1] in a situation, such as this, where a person allegedly commits a crime while a juvenile but criminal proceedings are not initiated until adulthood."); *In re Matson*, unpublished per curiam opinion of the Court of Appeals,

---

[1] The Michigan Constitution grants the probate court "original jurisdiction in all cases of juvenile delinquents and dependents, except as otherwise provided by law." Mich Const 1963, art 6, § 15. Effective January 1, 1998, the Legislature created the Family Division of the Circuit Court, assigning it jurisdiction over "[c]ases involving juveniles as provided in chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.1 to 712A.32." MCL 600.1021(1)(e). At the same time, the Legislature provided that "[a] reference to the former juvenile division of probate court in any statute of this state shall be construed to be a reference to the family division of circuit court." MCL 600.1009.

issued October 24, 2017 (Docket No. 332780) (SWARTZLE, J., concurring), p 2 ("[T]he Legislature may wish to consider either expanding the family court's jurisdiction to handle cases like this, adding [second-degree criminal sexual conduct] to the list of crimes for which waiver of jurisdiction to the criminal division is automatic, or addressing this type of circumstance in some other way.").

/s/ Anica Letica